[Crim. No. 1116. Second Appellate District, Division Two.—March 10, 1925.]

THE PEOPLE, Respondent, v. B. T. VERNON, Appellant.

[1] CRIMINAL LAW — MURDER—SELF-DEFENSE—INSTRUCTIONS.—In this prosecution upon a charge of murder, the trial court did not commit error in modifying defendant's requested instruction that "a person may lawfully take the life of another when the circumstances are sufficient to excite the fears of a reasonable man and the party killing acted under the influence of such fear," by adding at the end thereof the word "alone"; and such instruction, as thus modified, conforms to the provisions of sections 197 and 198 of the Penal Code.

[2] ID.—REASONABLE FEAR OF DANGER—INSTRUCTIONS.—Neither is it error, in such prosecution for murder, to omit the further portion of such requested instruction in which the jury is told that, "to justify such killing, it is not necessary that the danger be actual, but that it is enough if it be apparent that a party may lawfully act upon appearance which would put a reasonable man in fear of danger and that he will not, when acting upon such appearances, be held liable, although it should afterwards appear that the indications upon which he acted were entirely false and that he was in no actual peril," where the true rule to determine legal liability for a homicide committed under the circumstances involved in the case is stated in other instructions given.

(1) 30 C. J., p. 376, n. 66.    (2) 16 C. J., p. 1063, n. 85.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial. Carlos S. Hardy, Judge. Affirmed.

The facts are stated in the opinion of the court.

A. E. T. Chapman and A. S. Brown for Appellant.

U. S. Webb, Attorney-General, and John W. Maltman, Deputy Attorney-General, for Respondent.

CRAIG, J.—Appellant was charged with the crime of murder in the first degree and upon the trial pleaded self-defense. He was convicted of murder in the second degree, and, having moved the trial court for a new trial, which was

denied, he appeals from the judgment and the ruling on said motion.

It was testified by appellant and by witnesses called in his behalf that the deceased had previously to the killing threatened his life, and that about a month before the commission of the alleged offense decedent drew his gun when so threatening appellant.

The ground upon which a reversal is sought is that the court below so modified a requested instruction to the jury that they were not given the law as to circumstances and appearances under which a homicide may be said to have been justified. [1] The instruction requested read as follows:

"You are further instructed that a person may lawfully take the life of another when the circumstances are sufficient to excite the fears of a reasonable man and the party killing acted under the influence of such fear; that, to justify such killing, it is not necessary that the danger be actual, but that it is enough if it be apparent, that a party may lawfully act upon appearances which would put a reasonable man in fear of danger and that he will not, when acting upon such appearances, be held liable, although it should afterwards appear that the indications upon which he acted were entirely false and that he was in no actual peril."

The first clause above quoted was modified by adding one word, and the balance was eliminated, so that when given the instruction read as follows: "You are further instructed that a person may lawfully take the life of another when the circumstances are sufficient to excite the fears of a reasonable man and the party killing acted under the influence of such fear alone."

Appellant also takes exception to the use of the word "alone" as it appears in the instruction just quoted, apparently upon the ground that it limits the right to take the life of another in self-defense to cases where the act is done under the influence of fear of the danger designated. If it be conceded that he is correct in his interpretation of the instruction, it is equally certain that the instruction given contains a correct statement of the law, and conforms to the provisions of sections 197 and 198 of the Penal Code.

[2] Respondent contends that the portion omitted was covered by other instructions, three of which are called to our attention, wherein the jury were told that a bare fear that a man's life or limb is in danger is not sufficient to justify homicide, but in order to justify a man in taking the life of another in self-defense, the circumstances must be sufficient to excite the fears of a reasonable man; that the danger must be present, apparent, and imminent, or must *appear* so at the time to the slayer as a reasonable man. And they were further instructed that: "A person may have a lively apprehension that he is in imminent danger, and believe that his apprehension is based on sufficient cause and supported by reasonable grounds; that such apprehension is reasonable and warranted from appearances as they present themselves to him. If, however, he acts on these appearances, he does so at his peril, because the law leaves it to no man to be the exclusive judge of the reasonableness of the appearances upon which he acts, but prescribes a standard of its own, which is not only did the person acting on the appearances himself believe that he was in deadly peril of his life or of receiving great bodily harm, but would a reasonable man, situated as the defendant was, seeing what he saw, and knowing what he knew, be justified in believing himself in danger?"

Although the trial court did not state in the terms requested by the defendant that actual danger was unnecessary in order that a party might lawfully act upon appearances which would put a reasonable man in fear of peril, the true rule to determine legal liability for a homicide committed under the circumstances involved in this case was stated in the language last quoted. If the principle thus stated were applied, it must necessarily follow that a killing would be justified where the appearances were such as to put a reasonable man in fear of imminent danger of his life or of great bodily injury, and that actual danger is unnecessary. The jury were instructed also that the acts which a defendant may do and justify under a plea of self-defense depend primarily upon his own conduct and secondarily upon the conduct of the deceased; and that homicide is justifiable when resisting any attempt to murder any person or to commit a felony, or to do some great bodily injury upon

any person, or, when committed in the lawful defense of such person when there is reasonable ground to apprehend a design to commit a felony or to do some great bodily injury and imminent danger of such design being accomplished. It was further said in an instruction given upon request of appellant that the jury must acquit him unless every fact necessary to establish his guilt had been proven to them beyond a reasonable doubt.

Appellant cites *People* v. *Dallen,* 21 Cal. App. 770, 778 [132 Pac. 1064,] as having approved the omitted portion of the requested instruction first above quoted. What was there held was that other instructions of a similar character, requested by the defendant, were properly rejected, since that which was given fully stated the law of self-defense. We think the same is true in this case.

As we have seen, the instructions given in the instant case were in conformity with sections 197 and 198 of the Penal Code.

In *People* v. *Fowler,* 178 Cal. 657, 670 [174 Pac. 892], the supreme court, in discussing the instructions there given under section 197 of the Penal Code, said: ''But the legislature has the power to declare what the law shall be on this subject. It has done so by this section. If our decisions have laid down a different rule, it is the decisions which must give way and not the statute. However this may be, it cannot be disputed that error cannot be predicated upon an instruction which states the law as the legislature has fixed it by statute and which is applicable to the case.''

We think the instructions which we have summarized properly stated the law, as well as presented to the jury appellant's theory of the case, only in different language from that submitted to the trial court by his counsel.

The judgment and order appealed from are therefore affirmed.

Finlayson, P. J., and Works, J., concurred.