[Crim. No. 3209.  In Bank.—May. 29, 1929.]

THE  PEOPLE,  Respondent,  v.  PAUL  ROWLAND,
Appellant.

Mark L. Burns for Appellant.

U.  S.  Webb,  Attorney-General,  and  J.  Charles  Jones,
Deputy Attorney-General, for Respondent.

WASTE, C. J.—The defendant, a convict confined in the
state prison at Folsom, was indicted, tried and convicted of
murder of the first degree for the killing of Elgar Morrison,
a fellow-prisoner.  The jury made no recommendation as to
the penalty.  A motion for a new trial was made and denied,
and the defendant has appealed from the judgment impos-

ing the sentence of death and from the order denying his motion.

The defendant and the deceased worked together in and about the prison grounds. Rowland claimed that Morrison borrowed tobacco from him which he did not return. While the prisoners were at liberty in the prison yard on the morning of October 15, 1928, Rowland approached Morrison and stabbed him with a knife or stiletto, causing the death of Morrison a short time thereafter. Rowland's defense was that he did not intend to kill Morrison, but cut him with the knife in self-defense. There was ample evidence of a number of eye-witnesses establishing beyond any doubt that the killing was premeditated and unprovoked murder.

The appellant claims there were discrepancies in the testimony of the witnesses for the People, who were, for the greater part, attendants and prisoners at Folsom but he fails to point them out. We discover nothing of importance in that behalf.

Appellant presents another point, asserted error in refusing to give all the instructions requested by the defense; but he specifies but one—an instruction in regard to self-defense, based on the language of the District Court of Appeal in *People* v. *Vernon,* 71 Cal. App. 628 [235 Pac. 737]. The court did, however, fully instruct the jury, and, on the subject of self-defense, it embodied in one of its own instructions, not only the substance, but much of the language, of the one refused.

Complaint is made that in several instances the district attorney's oral argument to the jury as to the verdict which should be rendered was prejudicial to the defendant. The objectionable remarks were aside the record, but were directed to conditions existing in the state prison at Folsom, where the murder was committed, and were in the nature of comments on what was common knowledge throughout the state of California at the time of the trial of this defendant. It is almost inconceivable that every juror was not familiar with the situation at the prison at that time. No objections or specifications of error were made at the time, and no exceptions were taken to the remarks.

We have carefully considered the cause on appeal and the record in the court below. The jury disbelieved the story told by the appellant, and he stands convicted of a

vicious murder by an abundance of testimony given by eye-witnesses to the affray.

We find no prejudicial error in the record, and the judgment and order denying the motion for a new trial are, and each is, affirmed.

Seawell, J., Richards, J., Shenk, J., Curtis, J., Langdon, J., and Preston, J., concurred.