[Crim. No. 590.  In Bank.—July 19, 1900.]

## THE PEOPLE, Respondent, v. GEORGE PUTMAN, Appellant.

CRIMINAL LAW—HOMICIDE—MOTION FOR CONTINUANCE.—Where it appears that the defendant, accused of murder, was allowed an opportunity to and did procure the attendance of witnesses, and was represented by two able counsel, appointed by the court, a motion for continuance based upon the absence of witnesses and the lack of sufficient counsel, upon an affidavit based upon information and belief, which contained no showing of diligence to procure the testimony specified, nor that the continuance was not sought for delay, and which stated that defendant's mother was endeavoring to negotiate for the services of an additional attorney, was properly denied.

ID.—ATTENDANCE OF WITNESS CONFINED IN STATE'S PRISON—DEPOSITIONS. The court may order the attendance of witnesses who are confined in the state's prison, when it appears to the satisfaction of

the court that such attendance is necessary. But an order for such attendance does not issue as matter of right; and the court may, in its discretion, refuse to require the attendance of particular witnesses so confined, and may allow their depositions to be taken.

ID.—EVIDENCE—IMPEACHMENT OF WITNESS—CONVICTION OF FELONY—ANSWER OF QUESTION RULED OUT.—It is permissible to ask a witness who has been convicted of felony the nature of the felony of which he has been convicted. Where the witness answers such a question, although the objection thereto is sustained by the court, if the answer is not stricken out, the defendant is not injured.

ID.—IRRELEVANT REMARKS OF DISTRICT ATTORNEY—INSTRUCTIONS.—Remarks made by the district attorney outside of the issues, which were objected to by the defendant, and which the jury were especially instructed by the court to disregard, and which did not reach a course of proceeding militating against justice and the fair and orderly conduct of the cause, are not ground of error.

ID.—INSTRUCTION—TESTIMONY OF CONVICT WITNESSES.—An instruction that the jury were not arbitrarily to reject the testimony of convict witnesses simply because they were convicts, but that their testimony should be considered and weighed in accordance with the rules of evidence, does not in effect tell the jury to disregard the fact that they had been convicted of a felony in weighing their testimony.

ID.—ASSUMPTIONS OF FACT IN INSTRUCTIONS—HOMICIDE.—Instructions may assume facts admitted or proved without the shadow of a conflict of evidence; and where there is no dispute or question of the fact of the homicide, it is not a charge as to a matter of fact to refer to it in an instruction.

APPEAL from a judgment of the Superior Court of Sacramento County and from an order denying a new trial. J. W. Hughes, Judge.

The facts are stated in the opinion of the court.

Frank S. Sprague, Charles C. Holl, and Edward C. Harrison, for Appellant.

Tirey L. Ford, Attorney General, and C. N. Post, Assistant Attorney General, for Respondent.

VAN DYKE, J.—Defendant was informed against by the district attorney of Sacramento county for the crime of murder, and was tried and convicted of murder in the first degree. He

thereupon moved for a new trial, which was denied, and he was sentenced to death by hanging. From the judgment and order overruling his motion for a new trial the defendant prosecutes this appeal.

The evidence discloses that the defendant was a convict in the state prison at Folsom; that on May 15, 1899, within the prison walls, defendant walked past a fellow-convict named Showers, who was sitting on a doorstep, wheeled around, grasped Showers by the chin with his left hand, pulled his head around, and stabbed him six times with a knife, from the effects of which Showers died in a few minutes thereafter.

The first point made on the part of the appellant is that the court erred in overruling the defendant's motion for a continuance of the trial. The motion is based on affidavits of one of defendant's counsel. Pretty much everything stated in the affidavit was upon information and belief. The grounds for a continuance were: 1. Absence of witnesses; and 2. Lack of sufficient counsel. The names of the witnesses, except as to one Abe Majors, are not given, and it is stated that said Majors was a convict and to be executed within ten days from the date of the affidavit, and his testimony was sought to be procured for the purpose of refuting an anticipated theory of the prosecution. There was no showing of diligence in the affidavit, nor that the continuance was not sought for mere delay. With reference to obtaining additional counsel the affidavit sets forth that defendant's mother was endeavoring to negotiate for the services of an attorney other than the two appointed by the court to defend the appellant. The affidavit was clearly insufficient on both of the grounds, and it was not an abuse of discretion on the part of the trial court to deny the motion. Besides, it appears that the defendant was zealously and ably defended by the counsel who represented him, and was allowed an opportunity to, and did, procure the attendance of witnesses. The cause was set down for trial on June 5, 1899, and prior thereto the court permitted the defendant to withdraw his plea of not guilty in order to file an objection to the sufficiency of the information. The court having overruled the objection to the sufficiency of the information, and the defendant having again entered his plea of not guilty, moved the court to continue the cause to

some other date than the 5th of June, which motion was denied, and this is assigned as error. It is not shown, nor does it appear, that the defendant was prejudiced in any way by the ruling of the court in refusing to postpone the trial, and it is apparent that he was not so prejudiced. The defendant made application to have thirteen convicts, some of them under sentence of death and confined in the state prison at Folsom, brought to Sacramento to testify in his behalf. Upon the showing made the court granted the application as to six of the parties mentioned in the affidavit, and ordered that the deposition of the other seven be taken at the prison.

This question was fully considered in *Willard v. Superior Court,* 82 Cal. 456. It was there held that the order for the production of such witnesses does not issue as a matter of right. It issues only when it appears to the satisfaction of the trial court that the witness is necessary. The statute has lodged in that court the right to determine whether the witness is necessary. In the concurring opinion of Chief Justice Beatty he says: "I feel very sure, however, that it does not mean, and that it never was intended, that on the mere demand of a defendant in a criminal action, any convict, or any number of convicts, must be transported from the state prison to the place of trial as an essential prerequisite to proceeding with the trial. It is not possible that the court or judge to whom application is made has no discretion to examine the sufficiency of the grounds upon which it is based, and to deny it, if, in his opinion, it ought to be denied."

In *People v. Willard,* 92 Cal. 486, in reference to this same matter, it is said: "We feel that this is a privilege extended to persons accused of crime which is capable of gross abuse unless strictly guarded, and we do not wish to be understood as holding that the order should be made except upon a very strict showing, and upon previous notice to the state of the application, but when such notice has been given and a case of apparent necessity is made out—or, in other words, when the materiality of the evidence and its importance is clearly and satisfactorily shown, and the good faith of the defendant making the application also appears—the court should, in the exercise of

its discretion, make the order for the attendance of the prisoner as a witness."

In the case under consideration it is quite apparent that the action of the court was not at all prejudicial, inasmuch as the defendant was allowed to take the depositions of the witnesses named who were not ordered produced at the trial, thereby giving him the benefit of the testimony of all of those named in his application.

Under the rule laid down in this court in *People v. Chin Hane*, 108 Cal. 607, it is permissible to ask a witness the nature of the felony of which he has been convicted; although an objection to such a question asked by the defense of the witness James was sustained, yet the witness answered the question and the answer was not stricken out; therefore the defendant was not injured by the ruling. The same may be said in reference to the question asked of the witness Rodgers. Error is assigned in reference to the remarks made by the district attorney in his argument to the jury. Possibly some of the matters touched upon by the district attorney may be said to be outside of the issues, but the court instructed the jury specially not to regard any of the statements that were objected to by the defendant. Counsel's conduct must reach a course of proceeding militating against justice and the fair and orderly conduct which should characterize a judicial proceeding in criminal cases before error can be predicated on it. (*People v. Ward*, 105 Cal. 340; *People v. Wong Chuey*, 117 Cal. 630.) Error is assigned as to an instruction given in reference to convict testimony, and it is contended by appellant's counsel that the instruction in effect told the jury that they were to disregard the fact that certain witnesses had been convicted of a felony in weighing their testimony. The instruction will not bear the interpretation put upon it by appellant. It was, in substance, that the jury were not to arbitrarily reject the testimony of the convict witnesses simply because they were convicts, but that their testimony should be considered and weighed in accordance with the rules of evidence. Error is assigned in the giving of certain charges by the court at the request of the prosecution, on the ground that such charges are in respect to matters of fact, and are therefore prohibited by the constitution. (Const., art. VI, sec. 19.)

An instruction which assumes a fact as proved will not warrant a reversal if the fact is admitted, or there is no shadow of conflict of evidence with respect to it. The matter of fact referred to by the trial court here was the commission of the homicide, about which there seems to have been no dispute or question at the time the instructions were given. (*People v. Messersmith*, 61 Cal. 249; *People v. Phillips*, 70 Cal. 61; *People v. Lee Sare Bo*, 72 Cal. 623.)

The court did not err in refusing at the defendant's request to give certain instructions with reference to a preponderance of evidence. Other instructions bearing upon that question, free from the objections of defendant's instructions, were given.

An examination of the record shows that the instructions as a whole, as well as the entire course of the trial, were as fair and favorable to the defendant as the case would justify.

Judgment and order affirmed.

McFarland, J., Harrison, J., and Garoutte, J., concurred.