[Crim. No. 1437. First Appellate District, Division One.—June 22, 1928.]

THE PEOPLE, Respondent, v. DELPHINA FERELLO, Appellant.

Harris & Sullivan for Appellant.

U. S. Webb, Attorney-General, and Lionel B. Browne, Deputy Attorney-General, for Respondent.

KNIGHT, J.—Defendant was charged by information containing two counts with having contributed to the delinquency of her minor daughter, Nellie Ferello, in violation of section 21 of the Juvenile Court Law (Stats. 1915, p. 1246), the specific accusations against her being that on or about June 11, 1927, she persuaded, induced, and compelled her daughter, who was fifteen years of age, to serve and sell intoxicating liquor to various persons; and that on or about June 1, 1927, she served, sold, and gave wine to her daughter, which caused and manifestly tended to cause and encourage the girl to become delinquent. Upon trial the jury found defendant guilty on the first count and acquitted her on the second, and from the judgment of conviction she has appealed, urging as grounds for reversal insufficiency of the evidence to sustain the verdict and that the court erred in ruling upon the admissibility of evidence and in giving to the jury certain instructions.

The evidence, briefly stated, was as follows: Some time prior to the commission of the offenses charged in the information appellant's husband died, and following his death appellant continued to occupy the family home with her son and daughter. She kept considerable liquor on the premises, mostly wine, and while testifying as a witness in

her own behalf admitted that prior to her husband's death she had been "bootlegging" and as a consequence thereof had been arrested two or three times, but claimed that since her husband's death she had been obeying the law. On June 11, 1927, she went to town, leaving her daughter in the house alone, and during her absence several men called at the house and the girl served them with wine from her mother's stock, and collected the money therefor. Appellant testified that the actions of the girl in selling the wine were unauthorized by her; but the girl testified to the contrary, claiming that her mother upon leaving that morning instructed her "to clean up the house and take care of the customers," and that accordingly when the men called to purchase liquor she served them with wine and accepted the money therefor, which she turned over to her mother upon the latter's return home. The girl further testified that during the first two weeks in June, which was subsequent to her father's death, her mother served and sold both wine and whisky to various persons calling at the house; and in this connection the evidence further shows that on one occasion appellant's daughter and a girl friend were present while two men were there drinking, and that the men requested appellant to pour a drink for each of the girls, which appellant did, but that the girls declined to drink. Testimony was also given by a third girl to the effect that between June 1st and 11th she had seen appellant and her daughter serve men with liquor at their home.

The foregoing testimony is legally sufficient in our opinion to sustain the verdict of the jury finding appellant guilty on the first count. True, it was shown on the part of appellant that when the girl first made the disclosures against her mother as to liquor violations, the girl was an inmate of the detention home, having been placed there at the instance of her mother on account of the girl's conduct with a young man with whom her mother had forbidden her to associate; and it may be reasonably inferred from such circumstances that the girl first made the accusations against her mother in a spirit of revenge; but as has been repeatedly held, matters relating to the motives of a witness are to be dealt with and determined exclusively by the jury; and on appeal, unless it be shown that the testimony of the witness is inherently improbable or impossible of belief, that

jury's determination will not be disturbed. (*People* v. *Fleming,* 166 Cal. 357 [Ann. Cas. 1915B, 881, 136 Pac. 291]; *People* v. *Tom Woo,* 181 Cal. 315 [184 Pac. 389].) In the present case, by finding appellant guilty, the jury evidently accepted the girl's testimony as being true, despite her motives, and there is nothing in the record upon which we can fairly base the conclusion that her testimony is inherently false; consequently the facts established thereby must be taken in support of the verdict.

██ One point stressed by appellant regarding the asserted insufficiency of the evidence is based upon an instruction given to the jury to the effect that "it is a violation of the law of this state commonly known as the Wright Act (Stats. 1921, p. 79), for a girl of fifteen years, *if she knows it to be wrongful,* to sell wine as a beverage" (italics ours), and that therefore, if the jury found that as a result of appellant's persuasion and inducement the girl sold the wine as charged, "knowing it to be wrongful at the time," appellant should be found guilty on the first count. Appellant contends that there is no proof whatever of such knowledge on the part of the girl.

In order to establish appellant's guilt under the charge involving the girl's alleged violation of the Wright Act, we do not agree, as the foregoing instruction implies, that it was essential for the prosecution to prove the element embodied in those portions of the instruction above italicized and quoted; but even though it were, the question of whether or not the Wright Act has been violated is not material to a determination of this appeal for the following reasons: One of the main purposes sought to be accomplished by the Juvenile Court Law is to prevent children from becoming delinquent as a result of inducement, persuasion, encouragement, or compulsion exercised on the part of others seeking to impose upon their immature minds; and to this end section 21 of the Juvenile Court Law was enacted denouncing as a crime the commission of any act or omission to perform any duty on the part of another which shall cause or tend to cause or encourage a juvenile "to come within the provisions of any of the subdivisions 1 to 13, inclusive, of section 1" (Stats. 1915, p. 1225), of said law; and subdivisions 11 and 13 of said section respectively provide that a juvenile shall be deemed subject to the provisions of said

act "who is leading or from any cause is in danger of leading an idle, dissolute, lewd, or immoral life," or "who violates any law of this state or any ordinance of any town, city, county, or city and county of this state defining crime." Count one of the information upon which appellant was convicted was drawn in such form as to cover each of the foregoing subdivisions, the two elements of the charge being that appellant's act in persuading and compelling her daughter to sell wine caused and manifestly tended to cause the girl to lead and that she was in danger of leading an immoral life; and that in thus persuading and compelling her daughter to sell wine appellant caused the former to violate the Wright Act.

The instruction in question, as will be observed from its terms, pertains exclusively to the element of the charge involving the alleged violation of the Wright Act; but, as indicated, that phase of the case need not be inquired into on this appeal, because irrespective of whether or not the girl did commit a violation of said act, the evidence is legally sufficient to sustain the verdict of the jury finding appellant guilty on the other element involved in the charge, to wit: that appellant had persuaded and compelled her daughter to commit an act which in itself may not have amounted to the commission of a crime, but which had caused her to lead and that by reason thereof she was in danger of leading an immoral life; and clearly, under this latter charge it is immaterial, so far as the question of appellant's guilt is concerned, whether or not the evidence is sufficient to show that the girl knew that the act she was committing was wrongful.

The first assignment of error relating to the trial court's rulings on the admissibility of evidence is based upon certain preliminary questions asked Nellie Ferello on direct examination, which were as follows: "Q. (By Mr. St. Sure, Deputy District Attorney): What did she (appellant) do for a living? Mr. Maurice (Counsel for Appellant): I object to that as incompetent, irrelevant and immaterial. The Court: What particular time are you asking about? Mr. St. Sure: At the time between the 1st of June and the 15th of June of this year. Mr. Maurice: Objected to as incompetent, irrelevant, and immaterial, and has no bearing on the case. The Court: Objection overruled. Mr.

St. Sure: Q. What did your mother do at that particular time and place? A. She was bootlegging. Q. During the time particularly referred to, the first two weeks in June of this year, and while living at the address you have given of your mother and brother, did you ever see your mother selling or giving away intoxicating liquors to persons who came to the house? A. Yes. Q. On more than one occasion? A. Yes." Appellant contends that the admission of the answer, "she was bootlegging," was in effect allowing the prosecution to prove an offense for which appellant was not on trial, and was therefore in violation of the rules adhered to in the cases of *People* v. *Dial,* 28 Cal. App. 704 [153 Pac. 970], and *People* v. *Morales,* 45 Cal. App. 553 [188 Pac. 58].

The cases cited are not in point, however, for the charges there were that the defendants themselves unlawfully sold alcoholic liquors on specified dates, in certain designated territory, to particular persons, and testimony was admitted to show that they had disposed of the liquor at times, in places, and to persons other than as charged in the information; consequently the admission of such testimony was held to be error. Here appellant was not charged with having illegally sold liquor, but with having contributed to the delinquency of her daughter, on or about the eleventh day of June, by inducing and compelling her "to sell and serve to various persons whose names are . . . unknown certain intoxicating liquors . . . " which tended to cause the girl to become a delinquent within the meaning of the Juvenile Court Law. It was therefore permissible, we think, for the prosecution to show the general surroundings under which the liquor was sold for the purpose of allowing the jury to determine whether under such circumstances the girl was in danger of becoming a delinquent within the meaning of the Juvenile Court Law.

Furthermore the record shows that the particular question to which appellant objected was not answered; and that the answer, "she was bootlegging," of which she now complains, was given in response to a question to which appellant did not object at all; and that following the giving of said answer appellant, without objection, allowed the witness to continue on and relate the facts upon which the answer was based. It would appear, therefore, that appel-

lant is not in a position now for the first time to complain of the effect of the answer given.

Appellant next assigns as error the ruling of the court sustaining an objection to the following question propounded to Nellie Ferello on cross-examination: "These three men who came there, she (appellant) knew nothing about that?" The evident purpose of the question was to show that appellant, being absent at the time, knew nothing about the sale of the liquor on the day in question; but since the record shows that this fact was established by the question and answer immediately following the question objected to, we think appellant was not harmed by the ruling.

A witness for the prosecution named Lillian Aikens was asked the following question on cross-examination: "You do not know about the mother of Nellie inducing or allowing her to sell any liquor do you"; and an objection thereto by the district attorney was sustained. The ruling was proper for the reason that on direct examination the witness had testified only as to having seen Nellie Ferello deliver a bottle to a man, and there was no claim made by the witness or by the prosecution that the witness had any knowledge of any influence being exercised over the girl by her mother.

For the purpose of showing that her daughter was actuated by a feeling of revenge in making the accusations against her, appellant sought to prove the circumstances under which her daughter was sent to the detention home; and during the course of the examination of various witnesses on this subject a number of objections made by the prosecution were sustained. It appears, however, from an inspection of the entire evidence, that before the testimony on this subject was finished the matter of the motives of the girl was fully developed, and therefore it would seem that none of the rulings complained of could have operated to appellant's prejudice.

Appellant also complains of an instruction embodying the substance of subdivision 3 of section 2061 of the Code of Civil Procedure, which prescribes one of the rules to be used by the jury in weighing the testimony of witnesses, it being claimed that the word "falsely" was omitted from the instruction and that thereby the meaning of the

instruction was destroyed. The original record before us shows, however, that the word was not omitted.

It is our conclusion that the record discloses no error justifying a reversal. The judgment is, therefore, affirmed.

Tyler, P. J., and Cashin, J., concurred.