[Crim. No. 3245.  In Bank.—October 18, 1929.]

THE  PEOPLE,  Respondent,  v.  ALPHONSE  REILLY,
Appellant.

G. A. Benedict, Richard F. Bird, Frederick H. Vercoe, Public Defender, and Franklin Padan, Chief Deputy Public Defender, for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, Buron Fitts, District Attorney, and Thurmond Clarke for Respondent.

LANGDON, J.—The defendant was convicted of murder in the first degree and sentenced to suffer the death penalty, the jury having made no recommendation of life imprisonment. He has appealed from the judgment, but does not contend that the offense was not committed by him nor that the crime was not murder in the first degree. The killing occurred in the commission of a felony and there is no dispute about the facts of the case.

The only point made upon the appeal is that a new trial should be granted because, it is contended, that the jury was prevented, by certain matters to be hereinafter mentioned, from giving to the question of the proper penalty to be inflicted unbiased consideration. ■ This contention is made, first, because the court limited the scope of the argument of defendant's counsel to the jury. A reference to the transcript discloses that the limitation was properly imposed. Counsel sought to urge before the jury that "the trend of the time is away from the death penalty. Whatever your verdict in this case is going to be, after you have sat upon the case and returned that verdict your neighbors, your friends, perhaps your acquaintances, are going to ask you something about that verdict." A mere reading of this line of argument discloses that it is improper. Juries are not to be influenced by the opinions of their neighbors, friends or acquaintances.

■ The attorney for the defendant also attempted to sketch for the jury, in vivid and harrowing detail, a word picture of an execution scene, for which they would be responsible if they permitted the death penalty to be imposed upon defendant. In directing counsel to refrain from this line of argument the court, we think, did not abuse its discretion.

■ It is also contended that the district attorney committed prejudicial error in the course of his argument to

the jury by using the following language: "Mr. Benedict has told you that I have said, and correctly, he told you I said that this defendant is a hardened criminal. I know things that you don't know—" To the last sentence objection was properly made. The objection was sustained and the court instructed the jury to disregard the remark. Under the circumstances the error would not warrant a reversal of the judgment. In the light of the entire record it is clear that this remark did not influence the action of the jury.

■ The other remark of the district attorney which is assigned as error was to the effect that it was a matter of common knowledge that a sentence of life imprisonment in this state means that a defendant will serve from seven to ten years and then be "turned out" on society. It is unfortunate that such overzealous argument sometimes occurs in the course of a criminal trial, but no objection was made thereto nor was any request made that the jury should be admonished to disregard this statement, and, in view of the entire record in this case, we cannot say that a different result would have followed had this statement been omitted.

The judgment appealed from is affirmed.

Richards, J., Seawell, J., Curtis, J., Preston, J., and Waste, C. J., concurred.

Rehearing denied.

All the Justices concurred.