[Crim. No. 3379. In Bank.—March 25, 1931.]

THE PEOPLE, Respondent, v. EDWARD LA VERNE, etc., Appellant.

Willard W. Shea, Public Defender, and Raymond Ferrario, Deputy Public Defender, for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones and W. R. Augustine, Deputies Attorney-General, for Respondent.

Frederick Dubovsky, *Amicus Curiae,* on Behalf of Appellant.

PRESTON, J.—On June 9, 1930, the Alameda County grand jury returned an indictment charging defendant with the murder of one Marcello LaGorio and also with a prior conviction of a felony, to wit: burglary. Upon trial of the cause, the jury returned a verdict finding defendant guilty of murder of the first degree without recommendation of life imprisonment. Judgment carrying the death penalty was thereafter pronounced upon him and from said judgment and the order denying his motion for new trial, he now prosecutes this appeal.

The case is admittedly a clear one. On the night of May 28, 1930, defendant entered the grocery-store of said LaGorio at 5932 San Pablo Avenue, Oakland, with the intention of committing a robbery. He pointed a revolver at LaGorio and told him to "stick them up" and, as LaGorio turned, told him to "hurry up", drawing back the hammer of the revolver to make LaGorio move faster. Defendant told the police inspector that he had his thumb on the hammer and that the hammer slipped, accidentally discharging the gun, and LaGorio fell to the floor, where he was found by his family. Two days later he passed away from the effects of the wound. On June 4th defendant was apprehended and charged as above set forth. He admitted having committed approximately fifteen other specified robberies between April 29 and June 1, 1930; that he was armed on all these occasions, but that he had never attempted to shoot any person, even when resistance was offered, which statement was found by a police officer to be true. He testified that his gun and ammunition had been furnished him by a confederate who was waiting in an automobile at the time LaGorio was shot. When arrested defendant was

armed with two loaded revolvers, from one of which had been fired the bullet that killed LaGorio.

Counsel in effect admit, as they must, that defendant is guilty of first degree murder and direct their entire efforts towards having the punishment reduced. In this behalf they make the following contentions: Failure to give certain instructions requested by defendant and misconduct on the part of the district attorney, not admonished by the court, occurring during the trial and argument. *Amicus curiae* has also filed briefs for appellant wherein they urge the additional points that the verdict failed to specify the punishment as provided in section 190 of the Penal Code and that error was committed in asking appellant to answer incriminating questions in violation of the provisions of section 13, article I, of the state Constitution and section 1025 of the Penal Code. These points may be disposed of briefly as they are all without merit.

We have studied carefully the requested instructions submitted by the appellant and also the entire charge of the court. The substance of each and every one of said requested instructions was included in the charge and the jury were completely and properly instructed in all matters necessary to a proper determination of the cause.

The misconduct assigned against the district attorney is that in the course of his argument he stated: "Apparently he would want you to turn this man to the penitentiary under a life sentence when it is common knowledge that he would be out on the streets again . . . ," and when objection was made to the remark and others of like character the court failed and refused to admonish the jury to disregard them. The prosecuting officer, on inquiry by the court, explained that he meant "could be" and not "would be" "out again", whereupon the court, after objections and an assignment of misconduct had been made, said "Proceed". We are unable to say that this matter constituted reversible error, for it is a matter of common knowledge that a parole may be granted to a defendant serving a term of life imprisonment. Expressions of this kind by overzealous prosecuting officers should, however, be avoided, for they are unnecessary and under a different state of facts might be serious error. (*People* v. *Reilly*, 208 Cal. 385,

387 [281 Pac. 606]; *People* v. *Rowland,* 207 Cal. 312 [277 Pac. 1041].)

With reference to the contention of *amicus curiae* we may only say in passing that it is well settled that section 190 of the Penal Code does not require a jury to specify the death penalty in their verdict, but where the crime of murder in the first degree is found, without recommendation as to punishment, the law imposes the death penalty. (*People* v. *Hall,* 199 Cal. 451, 455 [249 Pac. 859].) We are not disposed to overrule the case of *People* v. *Welch,* 49 Cal. 174, and like cases to this effect.

Appellant took the witness-stand; he did not testify as to the circumstances of the murder, but did give evidence on some collateral matters. The alleged incriminating questions asked him, of which *amicus curiae* complains, were whether he had ever been convicted of a felony, answered in the affirmative; then "What felony?" and other questions along the same line. Had these questions been asked for other than purposes of impeachment, the provisions of section 1025 of the Penal Code would be applicable; appellant, however, having voluntarily offered himself as a witness, was subject, upon cross-examination, to the usual rules for testing his credibility by impeachment, and in particular became subject to the provision of section 2051 of the Code of Civil Procedure to the effect that a witness may be impeached "by evidence that his general reputation for truth . . . is bad, but not by evidence of particular wrongful acts, except that it may be shown by the examination of the witness . . . that he had been convicted of a felony".

We do not deem it necessary to prolong this discussion, as abundant authority exists to support the views above set forth, and the plain and inescapable conclusion is that this record is singularly free from material error of any character.

The judgment is affirmed.

Curtis, J., Langdon, J., Shenk, J., Seawell, J., Richards, J., and Waste, C. J., concurred.

Rehearing denied.