[Crim. No. 2367. Second Appellate District, Division One.—May 25, 1933.]

THE PEOPLE, Respondent, v. ROBERT JOHNSON, Appellant.

266

M. H. Broyles for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

HOUSER, J.—Defendant appeals from a judgment which was rendered pursuant to his conviction of the crime of robbery, and from an order by which his motion for a new trial was denied.

The principal reason urged by appellant for reversal of the judgment and the order is that, notwithstanding the fact that defendant was positively identified by the complaining witness as one of the persons who committed the robbery, nevertheless defendant introduced evidence which in its substance and effect should have established a complete and perfect "alibi".

The fact that the character of none of the several witnesses who gave testimony in support of the "alibi" was attacked, or that such testimony was not impeached by means of evidence relative to his general reputation for truth, honesty or integrity, although possibly constituting an acceptable basis for placing reliance upon the truth of the testimony of such witness, does not create a situation from.or by reason of which the trial judge was legally required to adopt the testimony as an unqualified expression of an ultimate fact. It is only in exceptional circumstances, not suggested by appellant as having been present on the trial of the instant action, that an appellate tribunal is authorized to disturb the conclusion reached by the trial court. In circumstances such as appear herein, the law of this state is well settled that the jury, or, where the action is tried without a jury, the trial court, is the exclusive judge of the credibility to be attached to the testimony of the witnesses who testified in the case. His conclusion in the premises, when based upon substantial evidence, is final. It follows that, even assuming that on the evidence this court either might have believed

in the innocence of the defendant, or that it would have had a reasonable doubt as to his guilt, furnishes no legal ground for disturbing the judgment of the trial court.

Appellant also complains that on his cross-examination he was asked the question whether theretofore he had been convicted of a felony. The point is unavailing; first, for the reason that no objection was interposed to the question; secondly, because, as frequently has been observed by the appellate tribunals of this state, the question is permissible for the purpose of testing the credibility of the testimony offered by the defendant. (*People* v. *La Verne*, 212 Cal. 29 [297 Pac. 561].)

The judgment and the order are affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 7, 1933, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 22, 1933.