[Crim. No. 3629. In Bank.—June 30, 1933.]

THE PEOPLE, Respondent, v. LAWRENCE M. ROMER, et al., Appellants.

450

Frederic H. Vercoe, Public Defender, for Appellants.

U. S. Webb, Attorney-General, James S. Howie, Deputy Attorney-General, Buron Fitts, District Attorney, Tracy Chatfield Becker, Assistant District Attorney, and Clarence S. Hunt, Deputy District Attorney, for Respondent.

THE COURT.—Defendants were convicted of the crime of burglary under five counts, and the crime of robbery under seven counts. Their motions for a new trial being denied, this appeal was taken. In a voluminous brief they argue that the evidence against them is weak and that any serious errors must be deemed prejudicial. Their evidence was chiefly directed to the defense of alibi, to offset the testimony of identification. Nevertheless, they do not contend that the evidence is insufficient to support the verdict on any of the twelve counts, and it is therefore unnecessary for us to engage in any extended review of the record.

The first alleged error stressed on behalf of defendants is in the reception of the testimony of C. F. Fordice, a police officer. He was permitted to testify that two days

after the date of the last offense charged against defendants he was on patrol duty checking automobile numbers, on the lookout for stolen cars; that he saw defendant Romer taking some grips and ladies' wearing apparel out of a La Salle sedan; that by the number he knew that the car was wanted; that he told Romer to come to the station, saying, ''There seems to be something wrong with the car''; that Romer asserted that the car was his; that Romer then asked him to wait until he could take the contents of the car up to his apartment, and that Romer went upstairs and disappeared. This testimony was offered to prove flight and a consciousness of guilt.

It is contended by defendants that since there was no charge against them of stealing an automobile, the testimony was erroneously admitted, since it did not tend to show flight following a charge of the crime for which they were on trial. Respondent argues, on the other hand, that other testimony in the record shows that Romer possessed and drove a La Salle sedan on the night certain of the crimes were committed, and that the testimony of Officer Fordice tends to show Romer's connection with these crimes. We are not convinced of its admissibility on this ground, but while we might not approve of its reception, we are not prepared to give it the weight of reversible error under the circumstances of this case. Defendants had the opportunity to move to strike it out, and seek an instruction against its effect, which they failed to do. Nevertheless the court did instruct the jury that they were not to be influenced in any way by evidence of any offenses or matters not charged in the information.

■ Appellants lay their greatest stress upon the alleged error committed in interrogating them on their prior convictions, after they had taken the stand in their own behalf. Barnett was questioned as follows: ''Have you ever been convicted of a felony? A. I have . . . Q. Have you been convicted of more than one felony? . . . A. I have . . . Q. How many felonies have you been convicted of? . . . A. Two times, but I was pardoned . . . once. Q. What was the first felony you were convicted of? . . . A. Robbery. Q. When were you convicted of that felony? . . . A. 1911, I believe. Q. What was the second felony that you have been convicted of? . . . A. Assault with a weapon.'' Romer was similarly

cross-examined and admitted four felony convictions. Defendants objected to all the questions.

Under section 2051 of the Code of Civil Procedure, a witness may, by way of impeachment, be asked whether he has been convicted of a felony, and may also be asked the nature of the felony. (*People* v. *Chin Hane,* 108 Cal. 607 [41 Pac. 697]; *People* v. *Putnam,* 129 Cal. 258 [61 Pac. 961].) Defendants having voluntarily taken the stand, they were obviously subject to impeachment in the same manner as any other witness, under this section. But they make the contention that when section 969a of the Penal Code was enacted in 1927, the effect was to wipe out the provisions of the other section, in so far as they applied to defendants in criminal cases. Section 969a provides that whenever it shall be discovered that a pending indictment or information does not charge all prior felonies, it shall be amended to charge them, and the defendant shall be re-arraigned and be required to plead thereto. It is defendants' theory that if, upon examination under section 2051 of the Code of Civil Procedure, they are compelled to answer as to the conviction of a felony, they are thereby forced to give evidence which may subject them to further criminal prosecution and punishment.

We are unable to agree with defendants that the effect of these questions is to compel self-incriminating answers. It is elementary that a person once convicted can never be prosecuted again for the same offense. The statutory provisions for increased punishment to a subsequent offender do not provide for such second prosecution. There is a single prosecution for the new crime, the punishment being more severe because of the character of the offender. (*In re Rosencrantz,* 205 Cal. 534 [271 Pac. 902].) On the admissibility of these questions, we see no reason to depart from the position taken by us in *People* v. *La Verne,* 212 Cal. 29 [297 Pac. 561, 562], where we said (p. 32):

"The alleged incriminating questions asked him, of which *amicus curiae* complains, were whether he had ever been convicted of a felony, answered in the affirmative; then 'What felony?' and other questions along the same line. Had these questions been asked for other than purposes of impeachment, the provisions of section 1025 of the Penal Code would be applicable; appellant, however, having

voluntarily offered himself as a witness, was subject, upon cross-examination, to the usual rules for testing his credibility by impeachment, and in particular became subject to the provision of section 2051 of the Code of Civil Procedure to the effect that a witness may be impeached 'by evidence that his general reputation for truth . . . is bad, but not by evidence of particular wrongful acts, except that it may be shown by the examination of the witness . . . that he had been convicted of a felony'.''

We are satisfied that no reversible error was committed, and the judgment and order are therefore affirmed as to each defendant.

Thompson, J., being disqualified, did not participate herein.

Rehearing denied.