[Crim. No. 2361. Second Appellate District, Division One.—August 15, 1933.]

THE PEOPLE, Respondent, v. DUARD E. McCOMBS, Appellant.

William I. O'Shaughnessy for Appellant.

U. S. Webb, Attorney-General, and James S. Howie, Deputy Attorney-General, for Respondent.

DESMOND, J., *pro tem.*—Defendant, convicted by a jury of the crime of grand theft, appeals from the judgment and from an order of the trial court denying a new trial.

The information alleged that he had suffered two prior convictions of felonies for which he had been imprisoned; the first, burglary; the second, violation of section 37, F. C. C. and National Motor Vehicle Theft Act, which convictions were admitted by the defendant.

Appellant claims that the trial court was guilty of misconduct in questioning defendant during the trial about the felonies of which he had been convicted, the convictions having been admitted by defendant at the time of arraignment; that the court erred in refusing to permit cross-examination of the complaining witness concerning his testimony at the preliminary hearing; that the verdict is contrary to the evidence by reason of the improbability that the complaining witness' identification of the defendant was correct. Considering these objections in reverse order—it appears from the record before us that the evidence was clearly sufficient to show that the defendant is the person by whom the crime was committed.

■ The contention of appellant's counsel that his cross-examination of·the complaining witness as to his testimony at the preliminary hearing was unjustifiably curtailed is based upon the court's sustaining an objection to inquiry concerning testimony appearing on page 23 of the preliminary transcript at line 18, the objection being ''on the ground that it is immaterial and not being in any wise different from what the witness testified to today''. To this the court remarked, ''I will have to look.at the transcript to determine that objection. May I see the transcript, please? Well, I don't believe that is in any way impeaching; it is practically what he testified to here. The objection is sustained.'' Just what language appeared in the transcript at the point referred to we do not know, for it is not quoted in appellant's brief, but no exception was taken to the ruling of the court at the time, nor was any offer of proof made, and we must conclude, therefore, that the conclusion of the court that the earlier testimony of this witness, at the page and line indicated, did not contradict his testimony at the trial, was well grounded.

■ We come now to the claim that the judge who tried this case was guilty of misconduct in questioning the defendant concerning his prior convictions. The record on that matter reads as follows: Question by Mr. Coleman: ''Have you ever previously been convicted of a felony? A. Yes. Mr. Coleman: That is all. Q. By the Court: What felony have you been convicted of? A. Burglary. Q. What other felony? A. Conspiracy to violate the Dyer Act. Q. Conspiracy to violate the Dyer Act? A. Yes, accessory after the fact, or something to that effect.'' Appellant argues that these inquiries by the court were improper, as being prohibited by section 1025 of the Penal Code, which in part provides as follows: ''In case the defendant pleads not guilty, and answers that he has suffered the previous conviction, the charge of the previous conviction must not be read to the jury, nor alluded to on the trial.'' However, the cases generally hold that when the defendant has made himself a witness, questions as to the character of the offense may be asked. (*People* v. *Eldridge*, 147 Cal. 782, 786 [82 Pac. 442]; *People* v. *La Verne*, 212 Cal. 29 [297 Pac. 561]; *People* v. *Romer*, 218 Cal. 449 [23 Pac. (2d) 749].) It does not appear, therefore, that any error arose in this regard.

Having reviewed carefully all the evidence in this case, we see no valid reason why the verdict of the jury should be disturbed.

Judgment and order are affirmed.

Conrey, P. J., and York, J., concurred.