[Crim. No. 2374. Second Appellate District, Division Two.—October 5, 1933.]

THE PEOPLE, Respondent, v. ROBERT R. YORK et al., Defendants; GEORGE HENRY TURCOTT et al., Appellants.

William I. O'Shaughnessy for Appellants.

U. S. Webb, Attorney-General, and Bayard Rhone for Respondent.

ARCHBALD, J., *pro tem.*—Appeal by defendants from judgments convicting them on two counts of first degree robbery, entered upon verdicts of a jury, and from orders denying their motions for new trials.

On August 24, 1932, a branch of the Bank of America in Los Angeles was the scene of a holdup. Four men entered the place about noon. Two of them, with guns, entering through the manager's compartment, took the money from the cages of two tellers. In the meantime the leader of the gang ordered Mr. Ord, the manager, to the back of the bank. The latter started for the rear, but suddenly picked up a gun and shot the two men who were robbing the tellers. The fourth man, afterwards identified as defendant Turcott, then shot teller Read and all four rushed out of the bank. On the outside the two who were shot by Ord fell dead, and the other two jumped into a waiting automobile at the wheel of which sat a man later identified as defendant Lamey.

In addition to the offenses upon which they were tried, defendant Turcott was charged in the information with a prior conviction of robbery and Lamey of two priors, grand larceny and forgery, as to which prior convictions both pleaded guilty.

Appellant Turcott urges (1) that the district attorney was guilty of misconduct in questioning him as to his participation in criminal offenses not involved in the information, and (2) that the evidence is insufficient to justify the verdict against him. Appellant Lamey contends (a) that the court was guilty of misconduct in questioning him as to a prior conviction after he had admitted same, and (b)

that the evidence is insufficient to justify the verdict against him.

█ (1) Certain statements made by Turcott to police officers in which he was claimed to have related his connection with this and other offenses were about to be related by the officers. After testimony by the officers that such statements were freely and voluntarily made, etc., Turcott took the witness-stand, on *voir dire*, and on direct examination denied any recollection of "any questions or any answers" made to any question of Lieutenant Burgess at the Georgia Street Hospital. On cross-examination he was asked if he did not remember making particular statements at the time, some of which involved the offenses charged and some other offenses. On such cross-examination he denied having any recollection of such questions and answers. The statements were afterwards introduced into evidence. When the defendant offered himself as a witness the district attorney had the right to cross-examine him as to any facts stated in his direct examination or connected therewith (sec. 2048, Code Civ. Proc.), and in our opinion he stayed within the permissive limits.

█ (2) Lucy Bench, a bookkeeper in the bank, testified the appellant Turcott shot Mr. Read, the teller. It is urged that she could not have known who fired such shot. The record shows, however, that while she might have drawn such conclusion from Turcott's position outside the cage, with his gun pointed at Read, it would seem to have been justified by the other facts as well. Her identification of Turcott was positive and her opportunity to observe him all that could be desired. If there were any inconsistencies between her evidence and that of Mr. Read the matter was for the jury and not for us.

█ (a) Lamey had pleaded guilty to a prior conviction of forgery. At the trial he offered himself as a witness to disprove the genuineness of the ·signature on a confession. He wrote his name at the request of his attorney as an exemplar, whereupon the court inquired, "You are a pretty good writer, aren't you, Mr. Lamey? A. Well, not very good. Q. You were convicted of forgery once, weren't you? A. Yes." The question asked was a proper impeaching question. (*People* v. *Romer*, 218 Cal. 449 [23 Pac. (2d)

749].) It may have been out of order, being more properly a part of the cross-examination, but no objection to it was made on any ground, and we fail to see how it can be challenged here.

(b) Appellant Lamey urges that his identification by the witness Roberts, who stopped his car near the one driven by Lamey, in which the two surviving members of the four who entered the bank made their escape, is simply improbable. His identification was positive. The weight to be given to it, however, was a question for the jury and not for an appellate court.

Judgments and orders affirmed.

Craig, Acting P. J., and Stephens, J., concurred.