[Crim. No. 1792. First Appellate District, Division Two.—September 12, 1934.]

THE PEOPLE, Respondent, v. LOUIS BERNFIELD, Appellant.

Gardiner Johnson and Gordon Johnson for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

STURTEVANT, J.—An indictment was returned against the defendant accusing him of having committed robbery.

It alleged four different counts. The defendant pleaded not guilty and on his trial the jury returned a verdict acquitting him on counts one, two and four, but convicting him on the third count. Thereafter, the defendant moved for a new trial. His motion was denied. He has appealed from the judgment and from the order denying him a new trial.

On the trial of the case one Edward Anderson was called as a witness by the prosecution. At that time Anderson had been convicted of murder in the first degree and sentenced to death, but had taken an appeal and the appeal had not been decided. The defendant claims that Anderson was not a competent witness. In that connection he asserts that at common law Anderson would have been incompetent as a witness and that the statutes of California have not changed the rule. In making this contention we think the defendant is in error. Section 1102 of the Penal Code states: ''The rules of evidence in civil actions are applicable also to criminal actions, except as otherwise provided in this code.'' In section 1879 of the Code of Civil Procedure it is provided that one who has been convicted of crime is not excluded as a witness. Section 675 of the Penal Code is to the same effect. In section 4480 of the Political Code it is provided: ''With relation to each other, the provisions of the four codes must be construed (except as in the next two sections provided) as though all such codes had been passed at the same moment of time, and were parts of the same statute.'' Then in section 4 of the Code of Civil Procedure it is further provided: '' . . . The code establishes the law of this state respecting the subjects to which it relates, and its provisions and all proceedings under it are to be liberally construed, with a view to effect its objects and to promote justice.'' In view of these provisions we think it is quite clear that the rule at common law, contended for by the defendant, does not obtain in the state of California.

On the evening that the alleged offense was committed the defendant Edward Anderson and one Harry Flynn were together. On the trial both Anderson and Flynn were called as witnesses. At this time the defendant contends that a conviction based upon the testimony of an admitted accomplice, corroborated only by that of a per-

son branded by him as another accomplice, is contrary to law and the evidence. The point assumes that the record showed that both Anderson and Flynn were accomplices. However, that is not a correct statement of the record. It is clear that Anderson was an accomplice. However, one of the controverted facts was the question as to whether Flynn was an accomplice. All of the testimony on the subject was admitted by the trial court and thereafter, under proper instructions, the trial court submitted the question of fact as to whether Flynn was an accomplice. We find no error in the procedure followed.

In his last point the defendant contends that the trial court misdirected the jury in a matter of law by assuming in its instructions material facts which were controverted and put in issue by the defendant's plea of not guilty. In making the point we think that the defendant does not distinguish between the fact that a crime was committed and the question as to who committed the crime. That a crime was committed clearly appears from the uncontradicted testimony. Under such circumstances the trial court did not err in assuming such to be the fact and it did not err in using the expression "the crime" in instructions given by it. The same remark applies to the use of the words "the robbery" and to the use of the words "the criminal act". The rule applicable is stated as follows: " . . . Nor is it error to assume the existence of a fact which is undisputed, or is admitted by the pleadings." (24 Cal. Jur. 843.) The rule has been applied in criminal cases many times. (*People* v. *Putman*, 129 Cal. 258 [61 Pac. 961]; *People* v. *Lee Sare Bo*, 72 Cal. 623 [14 Pac. 310]; *People* v. *Phillips*, 70 Cal. 61 [11 Pac. 493].)

We find no error in the record. The judgment and order are affirmed.

Nourse, P. J., and Spence, J., concurred.