[Crim. No. 1919.   First Appellate District, Division Two.—October 19, 1936.]

THE PEOPLE, . Respondent, v. EUGENE A. BRAIN, Appellant.

Joseph M. Trusty and H. J. Kleefisch for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

SPENCE, J.—Defendant was charged in two separate informations. The first information charged grand theft and a prior conviction of a felony. The second charged possession of a blackjack. Defendant entered a plea of not guilty in each instance but he admitted that he had suffered the prior conviction. The informations were consolidated for trial and, upon a trial by jury, verdicts of guilty were returned upon both informations. Defendant's motion for a new trial was denied and he was sentenced to state prison upon the charges, the sentences to run concurrently. He appeals from the judgment of conviction and the order denying his motion for a new trial.

During the trial, the district attorney introduced evidence of a conversation had with the defendant shortly after his arrest. In that conversation, defendant had stated among other things that he had been previously convicted of a felony, to wit, robbery. The introduction of this evidence was assigned as misconduct. The court struck out "the question and answer with reference to the prior conviction" and instructed the jury to disregard that portion of the testimony. Thereafter, defendant took the witness stand in his own defense and, upon cross-examination, he answered that he had previously been convicted of a felony, to wit, robbery in Ventura County in 1925. In the argument to the jury, the district attorney referred to the right of the jury to consider the previous conviction of a felony in weighing the testimony of the defendant.

Appellant states three points in his brief: (1) "Misconduct of the district attorney in alluding to admitted prior conviction of felony"; (2) "Error of the court in admitting in evidence extra-judicial admissions of prior conviction of

felony''; and (3) ''Misconduct of district attorney in misrepresenting defendant's extra-judicial statement as constituting a confession''. The third point is not touched in any manner in the brief. There is no reference to the transcript showing that the district attorney made any such representation and there is neither argument nor citation of ·authority on the subject. We may, therefore, treat the third point as abandoned on this appeal.

We find no reversible error in connection with the first and second points. While section 1025 of the Penal Code provides that under the circumstances before us, '' . . . the charge of the previous conviction must not be read to the jury, nor alluded to on the trial'', a defendant, who offers himself as a witness waives the privilege accorded by that section (*People* v. *Granillo,* 140 Cal. App. 707, 714 [36 Pac. (2d) 206]), and such defendant may be impeached on cross-examination, in the same manner as any other witness, by showing a previous conviction of a felony. (*People* v. *Romer,* 218 Cal. 449, 452 [23 Pac. (2d) 749]; *People* v. *Rose,* 9 Cal. App. (2d) 171, 174 [49 Pac. (2d) 334].) Furthermore, such cross-examination may properly extend to ascertaining the character of the offense involved in the previous felony conviction. (*People* v. *Romer, supra,* 451; *People* v. *McCombs,* 133 Cal. App. 698, 700 [24 Pac. (2d) 883].) The fact of the previous conviction was therefore properly before the jury, and we find no misconduct on the part of the district attorney in alluding thereto in his argument.

We need not discuss the question of whether it was misconduct on the part of the district attorney to introduce that portion of appellant's statement concerning his prior conviction or whether the trial court was in error in ''admitting'' that portion of said statement. It will be noted that the trial court promptly struck out the disputed portion of the statement and instructed the jury to disregard it. But assuming, without deciding, that there was misconduct and error as claimed by appellant, it appears that appellant thereafter took the stand as a witness and that testimony concerning the entire disputed portion of the statement then became admissible and was admitted. The situation presented is somewhat similar to that discussed in *People* v. *Booth,* 72 Cal. App. 160, 166 [236 Pac. 987], where the

court said: "The district attorney had, under these circumstances, no right to refer to the prior conviction, as the defendant had not at that time chosen to take the stand in his own behalf. (Pen. Code, sec. 1025.) Here, however, he later became a witness on his own behalf, and it then became proper to ask him if he had ever been convicted of a felony for the purpose of impeachment. (8 Cal. Jur., p. 647.) The question was asked and the defendant admitted that he had suffered such a conviction. Erroneous admission of evidence of a fact subsequently proved by defendant's testimony is harmless." In the present case, the misconduct and error, if any, cannot be considered prejudicial under the circumstances.

The judgment of conviction and order denying a new trial are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.