[Crim. No. 423.   Fourth Appellate District.—September 15, 1937.]

THE PEOPLE, Respondent, v. CHARLES HARVEY, Appellant.

O. A. Thorpe for Appellant.

U. S. Webb, Attorney-General, and Walter L. Bowers, Deputy Attorney-General, for Respondent.

JENNINGS, Acting P. J.—The defendant in the above-entitled action was accused by an information containing four counts with the offenses of kidnaping for the purpose of extortion and robbery and of robbery. In counts one, two, and four the crime of kidnaping was charged and in count three the offense of robbery was alleged. On arraignment the defendant pleaded not guilty as to each offense and was subsequently tried before a jury which returned a verdict finding him guilty of each offense alleged in the information. Prior to rendition of judgment the defendant presented a motion for a new trial which was denied. From the judgment pronounced against him and from the order denying his motion for a new trial the defendant appeals.

The points urged on this appeal are, first, insufficiency of the evidence to sustain the verdict; second, error committed by the trial court in admitting evidence which showed that the defendant had suffered a prior conviction of a felony; third, abuse of discretion by the trial court in denying defendant's motion for a new trial.

With regard to the contention of evidentiary insufficiency the only respect in which it is urged that the evidence was insufficient relates to the matter of identification of the defendant. Examination of the transcript on appeal in its entirety demonstrates the futility of this contention. The three persons mentioned in the information as the victims of defendant's kidnaping operation testified during the trial and each of them positively identified the defendant as the individual who committed the offense on the date alleged in the information. It is true that on cross-examination two of these witnesses admitted that on different occasions they had inspected two individuals other than defendant and had expressed an opinion that each of such persons bore a resemblance to the man who had kidnaped them. Nevertheless, on direct examination, each of these two witnesses positively identified the defendant as the person who had committed the offense. Whatever discrepancies appeared in the testimony

of these witnesses had no greater effect than to create a conflict in the evidence which was resolved against defendant by the jury. It is not the function of a reviewing court to pass upon the credibility of witnesses or the weight of evidence. These matters are confided exclusively to the trial court. It may further be observed that the third victim in the kidnaping episode testified that she had not inspected any person suspected of the offense other than the defendant and that when she was asked if she could identify the perpetrator of the crime from a group of five men of approximately the same height and weight she indicated the defendant. It is obvious that the contention of evidentiary insufficiency with respect to the fact of identification is entirely devoid of merit.

█ The contention that the court erred in receiving evidence which showed defendant's conviction of felony is likewise lacking in merit. The record shows that on cross-examination the defendant was asked if he had ever been convicted of a felony. Defendant's counsel thereupon offered to stipulate that he had been, but the court instructed defendant to answer the question. Thereupon, after some apparent evasiveness and without objection by his counsel, defendant admitted that he had been theretofore convicted of assault with intent to commit rape, a felony, in the Superior Court of San Diego County. Prior to making this admission the defendant had volunteered the information that he had once pleaded guilty to the offense of contributing to the delinquency of a minor. The only argument advanced by defendant with respect to the specification of error in admitting evidence relating to other crimes is that a defendant in a criminal action may not be put on trial for any offense other than that of which he is accused by the information. The correctness of this principle is obvious. Its applicability to the present situation is not however apparent.

Section 2051 of the Code of Civil Procedure defines the manner in which a witness may be impeached. It is there expressly declared that it may be shown either by the examination of the witness or by the record of the judgment that he had been convicted of a felony. Section 2065 of the Code of Civil Procedure declares that "a witness must answer as to the fact of his previous conviction for felony". When,

therefore, a defendant in a criminal action offers himself as a witness he may be asked, for the purposes of impeachment, if he has not been convicted of a felony. (*People* v. *Bauweraerts*, 164 Cal. 696, 703 [130 Pac. 717]; *People* v. *Romer*, 218 Cal. 449, 452 [23 Pac. (2d) 749].) The record herein shows that this is precisely the course which was followed in the instant proceeding and the propriety of thus impeaching the defendant who had voluntarily offered himself as a witness is clear.

■ Apparently, the defendant also complains on this appeal that evidence which showed that he had formerly pleaded guilty to the offense of contributing to the delinquency of a minor, a misdemeanor, was erroneously received by the court. It is, however, manifest that he has no reasonable or proper cause for such complaint. The record indicates that he himself volunteered the information that he had entered a plea of guilty to the aforementioned charge in response to the prosecutor's inquiry as to whether he had ever been convicted of a felony. The record further shows that no motion to strike the voluntary statement thus made and no request that the jury be admonished to disregard it was presented by the defendant. Under these circumstances it is too late for defendant to complain of the matter for the first time on appeal. (*People* v. *Ferello*, 92 Cal. App. 683, 689 [268 Pac. 915]; *People* v. *Cohen*, 113 Cal. App. 260, 263 [298 Pac. 114].)

As hereinabove stated, defendant's appeal is also from the court's order denying his motion for a new trial. There is no showing that the court abused its discretion in denying the motion and its order to that effect may not be disturbed.

The judgment and order from which this appeal has been taken are accordingly affirmed.

Marks, J., concurred.