[Crim. No. 766. Fourth Dist. June 16, 1952.]

THE PEOPLE, Respondent, v. ALFRED McKINNEY, Appellant.

Murry Luftig for Appellant.

Edmund G. Brown, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with robbery in two counts. The first count related to the robbery of the clerk in a cleaning establishment, and the second was for the robbery of the night clerk in a hotel. The first robbery occurred at 8:30 p. m. on July 27, 1951, and the second about 4:20 a. m. the following morning. The defendant pleaded not guilty, but admitted four prior convictions. A jury found him not guilty on Count I but guilty on Count II, finding the crime to have been robbery in the first degree. He appeals from the judgment and from an order denying his motion for a new trial. He was represented by counsel at the trial, but the appeal is presented by different counsel appointed by this court.

At about 4:20 a. m. on July 28, 1951, the appellant entered the Hotel Churchill at San Diego and asked the clerk for a room. He took two dollar bills from his wallet to pay for the room and as the clerk turned to get the key the appellant informed him that "This is a stick-up." The clerk observed that he had his right hand in his coat pocket and that there was some object in that pocket. Thinking that this object was a gun the clerk gave the appellant about $55 or $60 from the cash drawer. The appellant was not satisfied with the amount and conducted a further search behind the counter. When he found no more money he left, telling the clerk to

remain seated for five minutes before calling the police. The clerk called the police immediately. The clerk testified that when the appellant said this was a "stick-up," "he went this way (indicating) and told me that he didn't want any trouble. There was an object there which I could see through the coat lining which I assumed was a gun," and that he could see the object poking out the lining of his coat.

About that time a police officer saw the appellant running down the street less than two blocks from the Churchill Hotel. The officer ran across a lawn and intercepted the appellant about a block from where he had first seen him. Almost immediately a police car drove up and a broadcast was received concerning the hotel robbery. The description given fitted the appellant, and the officers took him to the hotel where he was positively identified by the clerk as the man who had robbed him. Fifty-four dollars in bills and some coins were found in his pockets, in addition to a few dollar bills in his wallet. A small hammer was also found in his hip pocket. The hotel clerk identified the wallet as similar to the one the appellant had previously displayed. The clerk testified the officers brought the appellant in about three or four minutes after he had left following the robbery.

The appellant denied that he had been in the hotel, but told conflicting stories to the officers as to what he had been doing shortly before his arrest. His defense was that he had been engaged in a dice game at a point a short distance from the hotel; that one of the players shortchanged him as that player was leaving the game; that he grabbed this hammer and started in pursuit of the man; and that as he was running for this purpose the officer appeared. In support of this claim the appellant called one Tebbe, who testified that at some time in the early morning of July 28 he engaged in a dice game with the appellant and several others; that after a sailor left the appellant said he was "short"; and that the appellant then "shoved off." He then testified that it was around 4 o'clock when the appellant thus left the game, but that "I am not sure though." He went on to say that he himself then went out and got a taxi, and it was close to 4 when he got out to the Marine Base which was several miles away.

It is not contended that the evidence is insufficient to support the finding that the appellant committed the robbery charged in Count II, but it is contended that the finding that the crime was first degree robbery is unsupported since there was no evidence that he was armed with a dangerous or deadly

weapon at the time of the robbery, and that the court committed prejudicial error in instructing the jury with respect to what constitutes first degree robbery. It is argued that the evidence merely shows that the defendant had a hammer in his hip pocket when apprehended, and there is no evidence that he made any threatened or actual use of it. Under the circumstances of this case the question of whether the appellant was armed with a dangerous or deadly weapon, within the meaning of section 211a of the Penal Code, was one of fact for the jury. (*People* v. *Raleigh,* 128 Cal.App. 105 [16 P.2d 752].) When the robbery was committed the appellant used some object in his pocket to simulate a gun, making a threatening gesture and telling the victim that he did not want any trouble. The clerk thought it was a gun and made no resistance. When apprehended a few minutes later, the appellant had this hammer in his pocket and it may reasonably be inferred that it was the object used to simulate a gun. It may also be reasonably inferred from the evidence as a whole that the appellant intended to use the hammer as a weapon if it became necessary. The situation is similar in principle to that in *People* v. *Ward,* 84 Cal.App.2d 357 [190 P.2d 972], in which a conviction for first degree robbery was sustained. (See, also, *People* v. *Freeman,* 86 Cal.App. 374 [260 P. 826] ; *People* v. *Yankee,* 79 Cal.App.2d 431 [179 P.2d 582] ; *People* v. *Coleman,* 53 Cal.App.2d 18 [127 P.2d 309].) Since a factual question was presented the court properly instructed the jury in that connection, and no contention is made that these instructions do not correctly set forth the law.

The only other point raised is that the district attorney was guilty of prejudicial misconduct in bringing out the fact that appellant's witness Tebbe was confined in jail, and in referring to this in his argument to the jury. When Tebbe was called as a witness appellant's counsel asked him where he lived and what his business was. He replied, "My home is in Kansas City," and that "I am a member of the Marine Corps stationed at the Recruit Depot." On cross-examination, the district attorney asked "Whereabouts are you staying now?" He replied "I am serving a sentence in the county jail." He was then asked "You are in custody?" and he replied "Yes, sir." During his argument to the jury the district attorney said: "The only witness he has presented is Mr. Tebbe, a man who is in custody in the jail."

In similar situations it has been held that such error will

not justify a reversal unless it clearly appears that prejudice has resulted. (*People* v. *Roeder*, 41 Cal.App.2d 495 [107 P.2d 92] ; *People* v. *Macias*, 77 Cal.App.2d 71 [174 P.2d 895].) In the latter case, it was pointed out that a judgment of conviction will not be reversed where the appellate court is unable to perceive that the alleged misconduct had a material effect on the determination of the issues of fact, and especially where the guilt of the accused has been established by clear and convincing evidence. There is nothing in the case of *People* v. *Hamilton*, 33 Cal.2d 45 [198 P.2d 873], which would require a reversal here.

The appellant contends that prejudice clearly appears since the jury acquitted him on the first count, although the person there robbed identified him as the robber, and that it follows that the different verdict on the second count must have been based upon the prejudicial effect of the testimony that his witness was a criminal.

Good reasons otherwise appear for the difference in the verdicts. While the person involved in the first count later identified the appellant as the robber, his then counsel raised a doubt as to whether that identification had not been suggested by the officers. The money then taken was not found on the appellant, and his counsel succeeded in creating a doubt as to how much money had been taken, and whether or not it had been taken by others. Appellant's counsel also made much of the fact that that witness testified that the person who robbed her had on a different colored shirt than that worn by the appellant when he was arrested. Moreover, Tebbe's testimony, if accepted as true, related to a time at least half an hour before the second robbery occurred.

No objections were made when the complained-of questions were asked, or when the matter was referred to in the argument. The evidence of appellant's guilt is clear and convincing and it would be unreasonable to believe that the alleged misconduct could have had any material effect on the verdict. Some contention is made that the court should have admonished the jury to disregard these questions and this argument. They were not called to the attention of the court and the record does not disclose that the court heard them. Under the circumstances shown by the record we are unable to hold that reversible error appears.

The judgment and order are affirmed.

Griffin, J., and Mussell, J., concurred.