[Crim. No. 1213. Fourth Dist. Oct. 24, 1956.]

THE PEOPLE, Respondent, v. GEORGE ALBERT
THOMAS, Appellant.

George Albert Thomas, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendant and appellant was convicted by a jury of the crime of armed robbery (first degree) of one William Koussa on January 25th, 1956. He admitted a prior conviction of robbery (first degree) on April 25, 1951, and service of a sentence in a state prison. On appeal, defendant argues insufficiency of the evidence to support the verdict of guilty of robbery in the first degree; error in instructions, and in not admitting certain evidence; and that the verdict was a miscarriage of justice.

A robbery took place at Dan's Liquor Store in Fresno, at 10:15 p. m. on Wednesday, January 25, 1956. Defendant was identified by an employee of the store from whom he took $100 in business money and $36 in personal money. He entered the liquor store with his hand in his jacket pocket. The handle of a gun was seen by the attendant. He demanded the money and a gun (45 caliber loaded army automatic) which the attendant had under the counter. He took it and ordered him to lie down on the floor, face up, and threatened to shoot him if he moved. Later, defendant left by the main door and was seen by another witness who was just coming into the store. This witness recognized defendant and followed him after being informed that he had just robbed the employee. He had seen him in his place of business just around the corner a few minutes before. His testimony was corroborated by another witness who also saw defendant between 9 and 10 o'clock that evening in the same place with a man named White. White testified he met defendant on the street that evening and drove him to the vicinity of that place of business and defendant later left him. Defendant was apprehended and was identified by two of these witnesses in a police lineup.

The gist of defendant's defense was an alibi claiming he caught a freight train in Fresno about noon on Wednesday, January 25th and went to Sacramento on personal business; that he arrived there about 7:30 p. m. and ate in the Bee Coffee Shop on Third Street that Wednesday evening and remained in Sacramento until the next morning; that he then caught a train to Stockton; that about 4 o'clock in the afternoon he rented a room in the Taft Hotel under the name of Richard Patterson and later visited some relatives; and that

he then returned to Fresno to join his wife and children whom he left because of some argument.

His relatives testified to receiving a telephone call from defendant in Stockton on January 25th and the next day defendant visited them. On rebuttal the owner of the Bee Coffee Shop testified that her shop was always closed on Wednesdays and accordingly defendant could not have been eating there on that day. The landlady of the hotel testified defendant rented a room in Stockton on the morning of the 26th of January, at 8 a. m.

 Defendant related a story to the officers somewhat in conflict with his testimony given on the witness stand. He attacks the testimony of the various witnesses for the prosecution for certain claimed discrepancies pertaining to his weight, height, the clothing he was wearing, etc., but this went to the weight of their testimony and would not make their testimony, *per se*, unbelievable. (*People* v. *Garrow,* 130 Cal. App.2d 75, 82 [278 P.2d 475].) He also claims the victim voluntarily parted with the money and that the evidence did not show it was taken by means of force or fear. We see no merit to this argument. (*People* v. *Gardner,* 128 Cal.App.2d 1 [274 P.2d 908].) It is then contended that the evidence did not show defendant was armed with a deadly weapon nor that he intended to use one. In fact the evidence shows that he was possessed of one, the handle of which was seen by the complaining witness. He also had possession of the one taken from the complaining witness when he was told to lie down and if he moved defendant would shoot him. The jury was justified in finding that the robbery was committed by means of a deadly weapon and that the perpetrator intended to use it as a deadly weapon, if necessary. (*People* v. *McKinney,* 111 Cal.App.2d 690, 693 [245 P.2d 24]; *People* v. *Wallace,* 36 Cal.App.2d 1 [97 P.2d 256].)

 The next argument is that the court instructed the jury, by intimation, that the degree of the crime was unquestionably of the first degree. This conclusion arose when the jury returned for clarification of an instruction given as to the duty of the jury to fix the degree of the crime. The court informed it that defendant was charged with "Armed robbery which in itself is robbery in the first degree. The information could have charged him with just robbery. But since he is charged with armed robbery, under the definition I gave you, that constitutes robbery in the first degree. However, the jury must fix the degree of the crime, and that

is the reason the blank is left. I will read the definition.'' Then follows the definition of robbery as set forth in the Penal Code, sections 211 and 211a. We perceive no justification for the claim. The court informed the jury that if defendant committed the offense as charged (armed robbery) it would be first degree, i. e., perpetrated with a dangerous or deadly weapon, and that all other kinds were of the second degree. It specifically stated that it was the duty of the jury to fix the degree. No possible prejudicial error resulted. (*People* v. *Collier*, 113 Cal.App.2d 861, 869 [249 P.2d 72].)

■ Lastly, defendant contends that the court erred in refusing to admit certain evidence indicating that this charge stemmed from some past accusation. Defendant, on direct examination, testified to having been arrested on numerous occasions, including one in connection with an incident involving this same store. The defense was precluded, on objection by the People, from showing the disposition of these several arrests. Later, defendant brought out by his testimony that he was accused of robbery of this place once before and later someone else was convicted of that crime and he claimed that someone was ''putting the finger'' on him. We perceive no prejudicial error in this ruling. (*People* v. *Spreckels*, 125 Cal.App.2d 507, 514 [270 P.2d 513].) No miscarriage of justice resulted from the verdict. (*People* v. *Watson*, 46 Cal.2d 818, 836 [299 P.2d 243].) The record discloses that no motion for new trial was made. The attempted appeal therefrom is dismissed.

Judgment affirmed.

Barnard, P. J., concurred.