[Crim. No. 3389.   First Dist., Div. Two.   Dec. 12, 1957.]

THE PEOPLE, Respondent, v. JUAN ANTONIO
ROMERO, Appellant.

Lucas, Wyckoff & Milier, Robert Bennett and Raymond A. Amrhein for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, Marvin J. Christiansen and Arlo E. Smith, Deputy Attorneys General, for Respondent.

DRAPER, J.—A jury found defendant guilty of first degree burglary. He appeals from the ensuing judgment.

Appellant asserts that his arrest was without probable cause, and that thus a key and some money found upon his person in a search incident to the arrest were improperly admitted in evidence. Testimony showed that the home of Mr. and Mrs. Scurich, in Watsonville, was entered at about 2:15 a. m., and that money and some other objects were taken from Mrs. Scurich's purse. Mr. Scurich saw the burglar briefly, and described him to police officers as small, wearing light colored trousers, and having no hat. The officers who re-

sponded to the Scurich call had re-entered their patrol car and started to circle the block looking for suspects when they received a radio message that a prowler had attempted to enter the Lynn home, about one and one-half blocks from the Scurich residence. Mr. Lynn told the officers that the prowler had attempted to enter through the kitchen door but had been frightened off. Lynn described the prowler as wearing a dark jacket and light colored trousers. The policemen resumed driving about the neighborhood in search of suspects. They saw appellant walking on the sidewalk across the street from the Scurich home. His clothing answered the descriptions Lynn and Scurich had given, and he was small. He was the only person they had found on the streets in driving about the area. The officers questioned him. He refused to give his name and address, and his only explanation of his presence in the area at 2:40 a. m. was that he was looking for a' girl named Mary, whose address he did not know. This combination of circumstances clearly warranted the arrest of appellant for investigation of burglary.

■ Appellant also argues that his arrest was improper because the arresting officers did not inform him "of the cause of the arrest" as required by law (Pen. Code, § 841). But the rule is clear that this failure is wholly collateral to the securing of evidence by a search incident to the arrest (*People* v. *Maddox*, 46 Cal.2d 301, 305 [294 P.2d 6]). It follows that the articles found on appellant's person were properly admitted in evidence.

■ Appellant contends that the trial court erred in failing to give a requested instruction that where circumstantial evidence is susceptible of two constructions, both reasonable, the jury must adopt the construction pointing to innocence, rather than guilt. The rule is settled that such an instruction must be given by the court on its own motion when the evidence of guilt is wholly circumstantial (*People* v. *Merkouris*, 46 Cal.2d 540 [297 P.2d 999]; *People* v. *Bender*, 27 Cal.2d 164 [163 P.2d 8]). ■ Here there was no direct evidence that appellant committed the burglary charged. Thus the court was required to give a proper instruction, and deficiencies in the form of the instruction requested by appellant are immaterial. Failure to cover this subject in the instructions was error but, in our opinion, was not prejudicial in this case.

When arrested, appellant had in his pocket a key which had been taken from Mrs. Scurich's purse. This evidence,

added to the facts that he fitted the two somewhat general descriptions of the burglar and prowler, that he was the only person on the streets in this area at an unusual hour, and that he refused to identify himself to the police, makes a rather strong case against him. Alone, this might not be enough to establish that the omission of the instruction was without prejudice to him. However, appellant took the witness stand and gave a highly incredible explanation of his presence in this area at this hour. This story cast such an aura of unreality and unreliability over appellant that we are convinced the jury could not have accepted the hypothesis offered by him. Thus the omission of the instruction was not, under the facts of this case, prejudicial (*People* v. *Candiotto*, 128 Cal.App.2d 347 [275 P.2d 500] ; see also *People* v. *Bender*, *supra*).

Appellant also complains of the admission of evidence tending to identify him as the person who sought to enter the Lynn home. ██ The fact that evidence tends to establish an offense other than that for which a defendant is being tried does not, of itself, render such evidence inadmissible (*People* v. *Peete*, 28 Cal.2d 306 [169 P.2d 924]). ██ Here the questioned evidence placed appellant near the Scurich residence only a short time after the burglary there, and tended also to explain the lapse of some 20 to 30 minutes between the Scurich burglary and the appearance of appellant across the street from that home. Appellant attacks the admission of this testimony principally upon the ground that it was given before there was evidence implicating appellant in the Scurich burglary, the offense charged. The reverse order generally is preferred (*People* v. *Albertson*, 23 Cal.2d 550 [145 P.2d 7]). However, the order of proof is largely in the discretion of the trial court (Code Civ. Proc., § 2042; Pen. Code, § 1094; *People* v. *Hinshaw*, 40 Cal.App. 672 [182 P. 59]). We find no abuse of discretion, and no prejudice to appellant, in admitting the Lynn evidence early in the case.

██ Appellant's final contention is that the court erred in permitting respondent to "impeach its own witness." On direct examination, one of the arresting officers testified that appellant was "booked" for investigation of burglary and vagrancy. On cross-examination, he said the arrest was made for vagrancy. On redirect, he was asked for what offense or offenses the arrest had been made. It is true that counsel on both sides then discoursed at some length on the subject of impeachment of one's own witness. However, there was

no attempt to impeach the witness by evidence of bad character, as proscribed by the code (Code Civ. Proc., § 2049), nor was there in fact any evidence of inconsistent statements, to prove which surprise must be shown (*People* v. *Spinosa*, 115 Cal.App.2d 659 [252 P.2d 409]). The trial court carefully restricted any attempted impeachment, and merely allowed the prosecution to ask "What did you arrest the defendant for?" This question had been asked and answered, but the trial court is granted a broad discretion in controlling the method of interrogation (Code Civ. Proc., § 2044) and there can be little doubt that here this discretion was exercised in the manner best calculated to bring out the truth.

The judgment is affirmed.

Kaufman, P. J., and Dooling, J., concurred.