[Crim. No. 2811.   Third Dist.   July 14, 1959.]

THE PEOPLE, Respondent, v. EDWARD KLIMEK, JR., et al., Appellants.

Edward Klimek, Jr., in pro. per., and S. Bruce Scidmore, under appointment by the District Court of Appeal, for Appellant Howser.

Stanley Mosk, Attorney General, and G. A. Strader, Deputy Attorney General, for Respondent.

WARNE, J. pro tem.*—The appellants, Harry M. Howser and Edward Klimek, Jr., were accused by an information with the crime of robbery. The jury returned a verdict finding both appellants guilty of robbery in the first degree. Both defendants appealed. However, Klimek has filed no brief or otherwise prosecuted his appeal, although this court notified him that if his brief was not filed within 30 days his appeal would be dismissed under the provisions of rule 17(a) of Rules on Appeal. Therefore, defendant Klimek having filed no brief and the 30 days having expired on January 5, 1958, his appeal is hereby ordered dismissed.

On the evening of April 27, 1957, Richard Crane, while walking in the vicinity of 16th and Q Streets in the city of Sacramento, noticed two men in a park. As he crossed the street the two men followed him. Between 16th and 17th Streets one of the men, later identified as appellant Howser, grabbed Crane, poked something in his side and said: "Don't move, Buddy, or I will kill you." The second man, Klimek, removed Crane's watch from his person. Crane also was compelled to get his money out of his pocket and give it to Klimek.

---

*Assigned by Chairman of Judicial Council.

Crane was then ordered to go into a vacant lot which he did. Upon turning around, Crane observed the two defendants walking down the street and followed them for a short distance. He stopped at a service station to telephone the police. Within 10 minutes the police arrived and took Crane to the corner of 14th and O Streets where he 'saw Howser and Klimek whom he tentatively identified as the robbers. Later at the police station he made a positive identification of the men as the robbers.

The officer who first came upon Klimek and Howser searched appellant Howser and found an ice pick in his pocket. Crane's watch was found in some shrubbery near the spot where the alleged robbers were apprehended.

Klimek confessed to the police and to the district attorney, and the statements he made to the authorities were related to the jury. Among other things that Klimek told the police was that Howser stuck an ice pick into Crane's back. Klimek testified the confession was false. He asserted that he made it because the police had beaten him, and because he had been told that other charges against him would be dropped if he confessed. The officers involved took the witness stand and denied these charges.

After the confessions were introduced into evidence the trial court cautioned the jury that the confessions had no bearing on Howser's case.

Howser testified in his own behalf. He said he was a painter; that on the day of the alleged crime he had been painting and cleaning a house for his landlady; that later in the afternoon he went over to check a paint job and when he was there he noticed an ice pick that he had used to clean cracks on a post; that he put the ice pick in his pocket; that he went home; that Klimek and he left about 8 p. m. and went to Van's Drive-In restaurant where the two men had something to eat; and that after they left the restaurant they walked for a few blocks before they were arrested. He further stated that he had never seen Crane until the officers drove up with him. He also testified that he asked the officers to take him back to the restaurant to verify his story that he had left there just five or six minutes before he was apprehended. He admitted having the ice pick in his pocket at the time of his arrest. On rebuttal the arresting officers denied that Howser had asked to go to the restaurant to verify that he had been there.

Appellant first contends that the evidence is insufficient,

as a matter of law, to support the finding of the jury that the robbery was first degree. He argues that no evidence was presented from which the jury could have inferred that the appellant was armed with a dangerous or deadly weapon at the time of the commission of the offense. He states that there was no evidence that appellant used the ice pick which was found in his possession at the time of his arrest. ▇ It is not necessary that the weapon be used, and the degree of the crime is the same even if the weapon is concealed from view and its existence is unknown to the victim. (*People* v. *Ash,* 88 Cal.App.2d 819 [199 P.2d 711]; *People* v. *McKinney,* 111 Cal.App.2d 690 [245 P.2d 24]; *People* v. *Rainey,* 125 Cal. App.2d 739 [271 P.2d 144].) ▇ The phrase "armed with a deadly weapon" means furnished or equipped with such a weapon. (*People* v. *Hall,* 105 Cal.App. 359 [287 P. 533].)

▇ While an ice pick is not a weapon in the strict sense of the word and is not "dangerous or deadly" to others in the ordinary use for which it is designed and therefore may not be said as a matter of law to be a "dangerous or deadly weapon," nevertheless when it appears that such instrumentality is capable of being used in a "dangerous or deadly" manner, and it may be fairly inferred from the evidence that its possessor intended on a particular occasion to use it as a weapon, should the circumstances require, its character as a "dangerous or deadly weapon" may be thus established, at least for the purpose of the occasion. (*People* v. *Raleigh,* 128 Cal.App. 105, 108-109 [16 P.2d 752].) ▇ And as pointed out in the Raleigh case at page 110, when the perpetrator of a robbery has in his immediate possession an instrumentality other than such as guns, dirks and blackjacks, which are dangerous weapons in the strict sense of the word, there is then a question of fact to be determined in fixing the degree of robbery. "For this purpose the jury should determine whether the character of the instrumentality as a 'dangerous or deadly weapon' has been established. ▇ If from all the facts and circumstances the jury is convinced beyond a reasonable doubt that the instrumentality was one which, in the hands of the perpetrator of the robbery, was capable of being used in a 'dangerous or deadly' manner and that the perpetrator of the robbery intended to use it as a 'weapon' should the circumstances require, then the character of the particular instrumentality is established as a 'dangerous or deadly weapon' and it is robbery of the first degree. In such

cases the intended use of the instrumentality and the 'present ability' of the perpetrator of the robbery are of importance in establishing the character of the instrumentality as a 'dangerous or deadly weapon' for the purpose of the particular occasion.''

■ In the instant case we have the testimony of the victim of the robbery that appellant grabbed him, poked something in his side and said: ''Don't move, Buddy, or I will kill you''; the evidence that at the time of appellant's arrest, a few minutes after the commission of the robbery, he had in his possession an ice pick which was removed from his rear pocket; and the testimony of the appellant that this ice pick had been in his possession during the time within which the robbery was committed. These are facts and circumstances which would warrant the jury in finding that the ice pick was the instrumentality ''poked'' in the victim's side. Its intended use and appellant's ability to use it as a deadly weapon are clearly shown by the statement of appellant: ''Don't move, Buddy, or I will kill you.''

Appellant next contends that the trial court erred in failing to appoint separate counsel for appellant and his codefendant. He argues that he was denied his right to representation by counsel by the appointment of a public defender to represent both himself and his codefendant. The record does not disclose that appellant or his codefendant at any time during the course of the trial objected to the appointment of the same counsel to represent both defendants nor that any request was made by appellant for the appointment of separate counsel. He argues that because of his representation of both defendants, the public defender was placed in a position where it was impossible for him to give adequate representation to appellant. ■ Appellant particularly points to the introduction of the ice pick in evidence and the fact that the public defender called him to the witness stand and questioned him about it. The ice pick was properly introduced in evidence, because it was found in appellant's possession at the time he was apprehended and his possession of it was relevant on the question of whether or not appellant committed an armed robbery. ■ Likewise the confession of Klimek in which he said that Howser used the ice pick was properly admitted. The confession was relevant to the question of guilt and the degree of crime as to the codefendant Klimek, and while it implicated appellant, the jury was instructed that it could not be used against appellant. ■ The

fact that the public defender called the appellant to testify is not indicative of a diversity of interest in the defense. *People* v. *Lanigan*, 22 Cal.2d 569 [140 P.2d 24, 148 A.L.R. 176], cited by appellant in support of his contention, is distinguishable from the present case. In that case specific objections were made to the appointment of counsel, and the circumstances were such that it was apparent there were conflicting interests. There the defendant objected and the attorney who was appointed also objected. In the instant case no objection was made by anyone, either prior to or during the entire trial, and it does not appear at all that the appellant or anyone, prior to the taking of this appeal, was not satisfied with the alleged appointment. Nor was there anything to indicate to the trial judge that there might be conflicting interests, hence it cannot be held that the trial judge failed in any responsibility in the matter of affording appellant an opportunity for proper representation by counsel. (*People* v. *Meacham*, 84 Cal.App.2d 193 [190 P.2d 262].) Further the record does not disclose any diversity of interest which would be prejudicial to appellant by having one counsel represent both defendants. The contention is without merit. (*People* v. *Lushenko*, 170 Cal.App.2d 772 [339 P.2d 956].)

▉ Appellant also contends that the district attorney was guilty of prejudicial misconduct in several respects. It is asserted that the district attorney made deliberate misstatements of fact, and that he improperly referred to the prior convictions of the appellant. We find no merit in this contention. During the course of the trial the defendant Klimek attempted to show that he had been charged with a burglary to which he had confessed at the time he confessed to the robbery. His purpose was to show by such evidence the improbability of his confession and the existence of bad faith on the part of the prosecution, in that the burglary could not have been committed by him while he was in jail. Appellant's counsel in his argument also stressed the fact that the district attorney brought out the fact that the burglary charge would probably be dismissed. In his closing argument to the jury the district attorney explained the reason for the contemplated dismissal of the burglary prosecution. None of this testimony nor the comments of the district attorney in any way related to appellant Howser, and we fail to see how these remarks by the district attorney could in any way have prejudiced appellant. Appellant Howser has made no showing of prejudicial misconduct on the part

of the district attorney. ▮ In the case of *People* v. *Justice,* 167 Cal.App.2d 616, 618 [334 P.2d 1031], the court, quoting from *People* v. *Goodall,* 104 Cal.App.2d 242, 249 [231 P.2d 119], stated: " 'It is the duty of the defendants to show error, and that means defendants are under an affirmative duty in that respect. It is not proper to attempt to shift that burden upon the court or respondent. [Citing cases.]' " ▮ Nor is there any merit in the contention of appellant that the district attorney improperly referred to his prior convictions. Appellant took the stand and testified in his own behalf and was therefore subject to impeachment in the same manner as any other witness. He was impeached by a showing of prior convictions. The district attorney had a right to comment upon that matter. ▮ As was stated by the Supreme Court in *People* v. *Williams,* 27 Cal.2d 220, 228 [163 P.2d 692]: "In this state the testimony of a witness may be impeached by proof that he has suffered the prior conviction of a felony. (Code Civ. Proc., § 2051.) This rule applies to a defendant who testifies in his own behalf in a criminal trial despite the fact that such evidence may tend to prejudice him in the eyes of the jury. (*People* v. *LaVerne,* 212 Cal. 29, 32 [297 P. 561]; *People* v. *Romer,* 218 Cal. 449, 452-453 [23 P.2d 749].) ▮ The nature of the crime of which he was convicted is a proper subject of inquiry in establishing the fact of his conviction. (*People* v. *David,* 12 Cal.2d 639, 646 [86 P.2d 811], and cases there cited.)"

▮ Appellant next contends that the trial court committed error in overruling his objection to the admission of evidence of the ice pick. This assignment of error is based upon the contention that at the time the ice pick was introduced in evidence a proper foundation had not been laid as to the appellant, in that he had not been shown to have been connected with the perpetration of the robbery. No prejudicial error was committed, since subsequent to its introduction in evidence it was established by competent testimony that he had an ice pick in his possession during the time the robbery was committed. It therefore appears that the ice pick was admissible in evidence. Appellant would not have gained any advantage by having the ice pick received for identification and held in that status until the rest of the testimony was in and then admitted as an exhibit in the case. ▮ The order of proof is largely in the discretion of the trial court. (*People* v. *Romero,* 156 Cal.App.2d 48, 51 [318 P.2d 835]; *People* v. *Hayes,* 161 Cal.App.2d 129 [326 P.2d 169].)

Appellant also claims that the trial court failed to instruct the jury fully upon the law involved in the case and the essential legal principles applicable to the evidence. It is asserted that in some respects the instructions contained "glaring omissions." The alleged omissions may be summarized as follows:

1. That the court did not instruct the jury concerning the necessity of independently determining the guilt or innocence of each defendant;

2. That the court failed to instruct the jury concerning the legal effect of evidence excluded by the court;

3. That no instructions were given concerning the admissibility of evidence as to one defendant when such evidence was admissible as to the other defendant;

4. That the trial court failed to instruct the jury in regard to the admissibility of an admission or confession of one defendant as against the other defendant;

5. That the trial court neglected to instruct the jury to disregard the statements of counsel; and

6. That the court failed to instruct the jury concerning its obligation to ignore evidence which had been ruled inadmissible.

We do not feel that there is merit in appellant's first contention. We believe that the subject matter is covered by the following instruction which the court gave:

"*Each of the parties in this case is entitled to the independent judgment of each juror.* The law requires that before a verdict of conviction or acquittal can be rendered each juror must concur therein. If, therefore, any one, or number of you, after deliberating on the evidence in this case, shall be of the opinion that there is a reasonable doubt as to the guilt of the defendant, those entertaining such reasonable doubt should vote in favor of not guilty, and should adhere to such opinion until convinced beyond a reasonable doubt that you are wrong. If, on the other hand, all twelve of you are convinced beyond a reasonable doubt that *a defendant or defendants is or are guilty,* you should vote in favor of guilty accordingly." (Emphasis added.)

While this instruction could have been enlarged upon, we feel it nevertheless points out to the jury that each of the parties is entitled to an independent consideration by the jury.

With respect to the other alleged omissions in the court's instructions, all of these asserted errors related to

the question of admissibility of evidence as against one defendant and not the other, or the effect of arguments of counsel and effective evidence which had been offered by counsel but excluded. While the record shows that the trial court failed to give a formal instruction with respect to the other alleged omissions with the exception of the instruction, "Of course, in this case I told you, and I will repeat again, that you are not to consider any statement made by one defendant in the case against the other defendant," the court did, throughout the trial, instruct the jury that the statements of one defendant or his confession were not admissible against the other. The court also instructed the jury that arguments of counsel were not to be considered as evidence, and it was not to consider evidence which had been excluded.

Among the instances in which the trial court instructed the jury to consider evidence introduced against one defendant and not the other, or to disregard the statement of counsel as evidence, we find the following in the transcript: "THE COURT: Anyway, if it does develop, Ladies and Gentlemen of the Jury, that if any witness testified here as to any statement made by the defendant Klimek regarding the commission of this offense or alleged commission of it, that any statement made by Klimek is not to be considered by you in the case of the People vs. Howser in view of the fact that it would be hearsay, and he is not responsible for what someone else says in his absence . . . THE COURT: Now, I want to remind the Jury again that all the testimony relating to any conversation had with the defendant Klimek is not to be considered by you under any circumstances in the case of the People vs. the defendant Howser." Again, with respect to Klimek's confession the court said: "Under no circumstances is any of this testimony to be considered in the case of People vs. the other defendant other than Klimek . . . If it was voluntarily made, you may consider it on the question of guilt or innocence of the defendant Klimek. It has no bearing whatever upon the case of defendant Howser . . . Ladies and Gentlemen of the Jury, you will decide the case from the evidence you have heard from the witnesses. That is what you have to decide it from, and from the law that will be given to you by the Court. *Counsel's arguments are not evidence.* It might be what he thinks was said. You remember what was said and you can decide it from that evidence." (Italics ours.) The jury having been repeatedly instructed respecting the admissibility and effect of this evidence during

the course of the trial, as above indicated, it seems highly improbable that a different verdict would have been reached if the court had given a formal instruction on the subject matter to the jury. Under such circumstances we do not feel that a miscarriage of justice occurred even if the trial court erred in failing to give a formal instruction, on its own motion, regarding the omissions complained of.

The judgment is affirmed.

Van Dyke, P. J., and Schottky, J., concurred.

The petition of appellant Howser for a rehearing was denied August 13, 1959, and his petition for a hearing by the Supreme Court was denied September 11, 1959.