[Crim. No. 1580. Fourth Dist. May 23, 1961.]

THE PEOPLE, Respondent, v. MARCUS CONTRERAS MARQUEZ, Appellant.

Edward P. Foley, Public Defender, for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, Norman H. Sokolow and Edmond B. Mamer, Deputy Attorneys General, for Respondent.

GRIFFIN, P. J.—Defendant appeals from a judgment of conviction entered upon a jury verdict finding him guilty of four counts of first degree robbery, in violation of Penal Code, section 211, and from the order denying his motion for a new trial. He was sentenced to serve concurrent sentences in the state prison for the term prescribed by law.

Defendant's sole contention on this appeal is that the trial court erred in refusing to give his requested instruction on circumstantial evidence: that where the evidence is susceptible of two constructions, each of which appears to be reasonable, it is the jury's duty to adopt that construction which points to the defendant's innocence. (CALJIC No. 26.)

The evidence presented at the trial was briefly as follows: At about 9:15 p.m. on May 20, 1960, appellant and codefendant Felipe Palacias entered Ernie's Liquor Store in San Bernardino. Appellant stayed at the door while Palacias obtained a six-pack of beer from the refrigeration case, went to the counter and placed the beer and a dollar bill on the counter. Palacias then drew a gun and ordered Mrs. Eldridge, who was behind the counter, to give him all her money. After some argument, Mrs. Eldridge took the money out of the cash register and placed it in a paper bag on the counter. While she was doing this, two customers entered the store at brief intervals. Palacias struck both of them and then ordered them to stand at the end of the counter. He then ordered them to hand over their wallets which were then placed in the bag with the money from the cash register. Palacias demanded that Mr. Eldridge put his wallet and two bottles of vodka in the same bag. This was done. During this time, appellant remained standing in the doorway of the liquor store looking outside the front door and also observing what was occurring within the store. He spoke to Palacias during the robbery but the witnesses were unable to understand what he said. After obtaining the money from the cash register, the wallets of the three men and the liquor, Palacias ordered the two customers and Mr. and Mrs. Eldridge to go into a rear room of the store and lie on the floor. Then Palacias and appellant ran out of the store and got into Palacias' car which had been parked nearby.

Officer Moseley of the California Highway Patrol observed Palacias' car leave the vicinity of Ernie's Liquor Store and proceed east on Fifth Street. A few minutes later, Officers Flores and Iselhart observed Palacias' car traveling at a high rate of speed through a stop sign at the intersection of Fifth

Street and Tippecanoe Street, which is about a mile east of the place where the robbery had occurred. These two officers pursued the car and stopped it about a mile east of the intersection where they had first observed it. While following the vehicle, the officers saw the passenger bend over toward the floor of the front seat on the right side. After stopping the vehicle, the officers discovered that Palacias, the driver, was not wearing a shirt. The red shirt that he had worn during the robbery was found under the front seat on the passenger side where appellant was sitting. Silver coins were scattered over the front floorboard and a paper sack containing liquor was on the floorboard on the passenger side. A loaded revolver was found under the driver's seat and another loaded revolver was found in the glove compartment of the automobile. When the two patrolmen first approached the Palacias automobile after it had been stopped, one of them heard something fall to the ground beside him. A subsequent search revealed one of the wallets taken in the robbery in the grass on the shoulder on the passenger side of the stopped vehicle.

Palacias was called as a witness for the defense and testified that he had been a codefendant in the instant action and that he had entered a guilty plea. He testified that he and appellant, with whom he had been previously acquainted, met at a bar in Banning at about 5 p.m. on the day of the robbery; that they left between 7:30 and 8:30 p.m. and drove to San Bernardino where they stopped at Ernie's Liquor Store. Palacias said that he entered the liquor store with the gun in the waistband of his trousers, that he ordered appellant to remain by the door, and that he then robbed the persons in the store. After the robbery, he and appellant ran to the car and drove away. Palacias denied that appellant had any prior knowledge that he was going to commit the robbery when they entered the store together.

The appellant testified on his own behalf that he had gone into Ernie's Liquor Store but went back to the door when Palacias ordered him to do so. They had not discussed robbing the store and appellant thought Palacias was going in to buy some beer. He denied seeing the gun in Palacias' hand and denied observing any part of the robbery or acting as a lookout while it was going on. He attributed his inattention to the fact that he was drunk. However, he remembered being in the doorway while Palacias was in the store and that Palacias had several sacks in his arms when they left the store and that one of these sacks tipped over when the auto-

mobile hit a dip as it went through the stop sign at Tippecanoe Street. He remembered that he and Palacias were running when they left the store and that Palacias took off his shirt in a hurry while driving the car. Appellant denied stuffing the shirt under the front seat of the automobile.

In support of his contention that the trial court erred in refusing to give his requested instruction concerning circumstantial evidence, appellant cites *People* v. *Koenig,* 29 Cal.2d 87 [173 P.2d 1]; *People* v. *Zerillo,* 36 Cal.2d 222 [223 P.2d 223]; *People* v. *Yokum,* 145 Cal.App.2d 245 [302 P.2d 406]; *People* v. *Candiotto,* 128 Cal.App.2d 347 [275 P.2d 500]; *People* v. *Yrigoyen,* 45 Cal.2d 46 [286 P.2d 1]; *People* v. *Bender,* 27 Cal.2d 164 [163 P.2d 8]. These cases state the settled rule that such an instruction must be given by the court when the evidence is wholly circumstantial. Here, there is uncontradicted direct testimony that the robbery was committed; that appellant was present when it was committed; that appellant entered the store with Palacias, stood in the doorway while Palacias relieved the persons inside the store of their property at gunpoint and then fled from the scene with Palacias. Appellant correctly contends, however, that the question of whether or not appellant was a *knowing* participant in those acts rested on circumstantial evidence and inferences to be drawn from the facts proved. (*People* v. *Rayol,* 65 Cal.App.2d 462, 464 [150 P.2d 812].) Even though the refusal to give the requested instruction might have been error, it was not, in our opinion, prejudicial in this case. Here, as in *People* v. *Romero,* 156 Cal.App.2d 48 [318 P.2d 835], appellant took the witness stand and gave such an incredible explanation of his conduct that the jury could not have believed his story. He claimed that he stood in the doorway of a small liquor store and that because he was drunk he failed to observe that his companion was therein conducting a vociferous armed robbery. Yet he readily recalled and observed events immediately prior to and subsequent to the robbery. None of the persons robbed or the officers who arrested appellant a few minutes later were questioned on cross-examination as to his sobriety at the time. Appellant's conduct during the robbery was that of a lookout and there is evidence that while fleeing he attempted to conceal Palacias' shirt and one of the stolen wallets. There was overwhelming evidence that appellant knew that the robbery had been committed and was conscious of his guilt. Thus the omission of the instruction was not prejudicial under the

facts of the case. (*People* v. *Romero, supra,* 156 Cal.App.2d 48; *People* v. *Watson,* 46 Cal.2d 818 [299 P.2d 243]; Const., art. VI, § 4½.)

The judgment and order are affirmed.

Shepard, J., and Coughlin, J., concurred.