**4**

■■■■■■■■■■■■■■■■■■■■■■■■

**STATE of Missouri, Respondent,**

v.

**Larry SHANNON, Appellant.**

**No. 55698.**

Supreme Court of Missouri,
Division No. 2.

April 12, 1971.

Rehearing Denied May 10, 1971.

————◆————

John C. Danforth, Atty. Gen., John W. Cowden, Asst. Atty. Gen., Jefferson City, for respondent.

Eugene J. Gabianelli, Lawrence Alan Waldman, Lewis, Rice, Tucker, Allen & Chubb, St. Louis, for appellant.

PRITCHARD, Commissioner.

The principal issue in this case is whether the state proved that appellant exhibited, as charged, "a dangerous and deadly weapon in a rude, angry and threatening manner, namely, a knife, in violation of Section 564.610, RSMo 1969" beyond a reasonable doubt. Appellant was also charged as a second offender, but waived trial by jury. The court found appellant guilty and sentenced him to five years imprisonment in the Department of Corrections.

On November 23, 1969, a Sunday, Arthur Yaeger was a guard at the City Jail of the City of St. Louis. About 1:10 p. m. he was on duty on the second floor of the jail and answered a call from Tier 3. Appellant asked him for a bucket and Yaeger opened the tier door and gave him a bucket. As soon as he did, appellant "grabbed for me with his right arm around my belt and put the knife in my belly." Appellant told Yaeger to keep his mouth shut and step back, and ordered him to open the door of Tier 2-4. The knife which appellant had was a regular pocketknife with a two and a half inch blade. When appellant and Yaeger were at the door, Hastings (another guard) was going to push the alarm button. Appellant said, "If you push the alarm button, I will rip him open."

On cross-examination Yaeger testified that after he gave appellant the bucket that appellant grabbed him with his right hand and placed his left hand against his stomach with the knife, the blade of which was open. The knife did not cut or wound Yaeger, or cut his shirt. There was pandemonium and noise at the time.

Columbus D. Hastings was working with Yaeger and one Floyd Atwood as a guard on the day of the occurrence. His testimony was that appellant and John Bibbs overpowered Yaeger as he opened the door to put in a bucket. They let other inmates out of the tiers and attempted a jail break. They "held Arthur Yaeger hostage at knife-point." Appellant had the knife, which Hastings could not describe other than its having a blade about two and a half or three inches long. Appellant had the knife against Yaeger's stomach when he first came out and then when he pushed

him over against the 2–4 tier door he had it a little higher on the abdomen. As Hastings reached down and was going to punch the button appellant said, "Don't do it, man; I will open him up."

Floyd Atwood heard the jail disturbance and went over to find out what it was. He saw appellant holding his hand against Yaeger's stomach, but did not see anything in appellant's hand. Atwood was knocked down two or three times and finally got down to where Yaeger was standing, then got up with the "4–2 key" and got out. What he saw in appellant's hand looked like a piece of tape around it.

The evidence is substantial and shows beyond a reasonable doubt, as the court could and did find, that appellant grabbed Yaeger, the guard, and placed a knife against his person. The blade of the knife was visible to Yaeger and Hastings, both of whom heard appellant threaten to rip Yaeger open or "open him up" if Hastings pushed the alarm button.

Section 564.610 provides in part for punishment if any person shall, "in the presence of one or more persons," exhibit "any kind of firearms, bowie knife, springback knife, razor, metal knucks, billy, sword cane, dirk, dagger, slung shot *or other similar deadly weapons* * * * in a rude, angry or threatening manner * * *." (Italics added.) It is true as appellant states in his brief that State v. Sebastian, 81 Mo. 514 holds that it is unnecessary to allege that the enumerated weapons in the statute are deadly, but that as to other similar weapons it must be averred and proved that they are deadly. The indictment here does allege that appellant exhibited "a certain dangerous and deadly weapon, to-wit: a knife, in a rude, angry and threatening manner." The Sebastian case says, "Certainly, it was not the intention of the legislature to declare that only the specified deadly weapons are such." (Loc. cit. 516.) So here, the state has sufficiently alleged the deadly nature of the knife. The sufficiency of the evidence turns not merely upon whether the knife was itself a deadly weapon. It turns upon the evidence of how it was used, i. e., what appellant intended when he held it against Yaeger's stomach. Bearing upon that intention are the words used by appellant at the time. It was within the province of the trier of the fact to determine that the knife blade was capable of producing death or bodily harm. See State v. Bowles, 146 Mo. 6, 13, 47 S.W. 892, 893, a murder case, where it was said, "A deadly weapon is any weapon or instrument by which death would likely be produced, when used in the manner in which it may appear it was used in the affray." See also People v. Klimek (Cal.C. A.3rd), 172 Cal.App.2d 36, 341 P.2d 722, 725, holding that an ice pick, not a weapon in the strict sense, could be found to be dangerous or deadly from the evidence that its possessor intended to use it as a weapon. It is immaterial that Yaeger was not injured or his clothing cut. The gravamen of the offense is exhibiting a deadly weapon in a rude, angry or threatening manner.

Appellant's second contention is that the court erred in failing to consider the admitted ill feelings of the state's witnesses toward him in deciding the issue of credibility. In this connection, Yaeger testified that he refused to discuss the case with appellant's counsel, and admitted he failed to tell the truth to him on one occasion. Hastings admitted he made disparaging remarks about appellant. Appellant's witness, and appellant himself, testified that he had no knife in his possession on the occasion in question. The state did not offer the knife into evidence. The point is without merit. The credibility of the testimony of all witnesses was for the court, the findings of which have the same effect as a verdict of a jury. State v. Haislip, Mo., 411 S.W.2d 81. As indicated, there is substantial evidence to support the findings and they must be allowed to stand. State v. Williams, Mo.App., 349 S.W.2d 375.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM:

The foregoing opinion by PRITCHARD, C., is adopted as the opinion of the Court.

All of the Judges concur.