**Larry SHANNON, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. 57615.**

Supreme Court of Missouri,
Division No. 2.

March 12, 1973.

James E. Crowe, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Gene E. Voigts, First Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

Larry Shannon has appealed from the judgment of the trial court denying his motion filed pursuant to Rule 27.26, V.A. M.R., to vacate a judgment and sentence of imprisonment for a term of five years. The notice of appeal was filed prior to January 1, 1972, Appellate jurisdiction is in this court.

Appellant was indicted and charged under the habitual criminal act with exhibiting, in the presence of one or more persons, a dangerous and deadly weapon in a rude, angry, and threatening manner. § 564.610 RSMo 1969. Appellant executed in

open court a written waiver of his right to trial by jury, and he was found guilty by the court. The judgment was affirmed on appeal. State v. Shannon, 467 S.W.2d 4 (Mo.1971).

■ In his first point appellant alleges that he was denied the right to trial by jury because his waiver "was not an intelligent waiver with knowledge of the consequences," and he "was not advised of the consequences by his attorney or by the court," but "was badgered into his decision on the day of trial." This basis for relief was not specifically alleged in the motion. However, evidence bearing on the issue was presented at the hearing, and the trial court found that appellant did waive trial by jury. We shall consider the motion to have been amended to include such allegation. We also note that this is a matter which appellant could have presented on his appeal, but did not. What facts he now knows concerning his waiver of a jury, he knew at the time the motion for new trial was filed and when the appeal was perfected. Rule 27.26 is not intended to constitute a second appeal. We shall consider the merits of his contention only because he attempts to inject a constitutional issue.

In view of the record made at the time appellant waived his right to trial by jury, this contention borders on the frivolous.

We first note that the offense was committed by appellant while he was a prinsoner in confinement and the victim was a guard. Witnesses to the occurrence, other than police officers, were other prisoners, and as a matter of trial strategy appellant may have concluded that he would prefer not to offer such witnesses in his behalf before a jury.

The record shows that prior to trial the court asked appellant "is it your request, or do you in open court ask to be tried in open court before a jury or not?" Appellant replied; "Oh, definitely. I would like to be tried by a judge." After a discussion about counsel the following occurred:

The Court: Now getting back to this matter, the Court wants to know whether you understand your constitutional rights about trial by a jury. Do you know you are entitled to be tried by a jury?

Mr. Shannon: Oh, I know I am entitled to be tried by a jury.

The Court: Do you know there is a jury available, that we can get a jury over here?

Mr. Shannon: I would prefer to be tried by the judge.

The Court: You understand that we do have a jury available?

Mr. Shannon: Yes.

The Court: Are you voluntarily waiving a jury in open court? Are you telling me that you don't want a jury, and that you want to be tried in open court without a jury?

Mr. Shannon: I would like to be tried by the Judge, that's right.

The Court: You understand that as a part of your constitutional rights and as a part of the State's case, it would have to prove you guilty beyond a reasonable doubt, either before a jury or before the Court, but if you were tried by a jury, it would have to be a unanimous decision of all twelve jurors; do you understand that?

Mr. Shannon: Yes, sir.

Counsel for appellant testified unequivocally that appellant expressed to him the desire to be tried by the Court, and that it was appellant who first made the suggestion. Because he was "very adamant about the fact that he wanted a non-jury trial" his counsel had him personally make the request in open court to the court. We note also that at the hearing on the motion, appellant testified that, "the reason why I

waived the jury trial, the fact that I waived the jury trial, me and Mr. Gabianelli discussed the fact that there would be witnesses here that would have criminal records of conviction and which would throw an overall light on the jury so I said to him, 'Don't you think'—I questioned him did he think that it would be best that I be tried by a jury. He said, "What do you think?" I said, 'Well, I have been to a Judge before and the Judge was pretty nice to me and I'll try it again,' you know, so it didn't lead to nothing. He never mentioned it no more and I never mentioned it no more until we came into court."

Appellant does not present any factual matter that he contends he did not then know about and understand, which if known to him, would have caused him not to waive trial by jury.

His argument that he was "badgered" is frivolous. At trial he asked why there were two different numbers on the papers in the file, and when told that one number was the court number and the other was the number of the circuit attorney he was not satisfied with the explanation. He also insisted that different counsel be appointed because he did not like the counsel he had. When the court stated that there would be "no substitution" of attorneys, he apparently was of the opinion that he had been denied some privilege or right. What he apparently considers to constitute "badgering" was the firmness of the Court that the previously appointed counsel, whom the court found to be competent and prepared for trial, would not be relieved merely because appellant did not like him and did not consider him to be a "criminal lawyer."

■ The trial court found that appellant waived his right to a jury trial. That finding is supported by the evidence and is not erroneous.

■ Appellant's remaining contention, that he had ineffective counsel, is frivolous and totally without merit.

He argues that his appointed counsel did not profess to be a "criminal lawyer," and that "the complete breakdown of the attorney-client relationship [brought about, if it did occur, solely on the part of appellant], followed by the refusal of the Court to give any relief to defendant [as to his request to discharge his counsel] made it impossible for the appellant to do anything, much less waive a jury." Appellant cannot refuse to cooperate with counsel, which was what appellant did by refusing to discuss matters with him even on the day of trial, and then charge counsel with being ineffective. We note also that appellant points to nothing that was done or not done which demonstrates ineffectiveness of counsel in the constitutional sense.

The trial court found counsel was competent, and the transcript of the trial, which is before us as an exhibit, discloses effective representation under the circumstances.

The judgment is affirmed.

HOUSER, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.